This action was brought to recover damages of the defendant for fraudulently inducing the plaintiff to marry the defendant, and to cohabit with him, he having another wife living from whom he was not lawfully divorced, and the defendant being at the time incapacitated to marry any one while his prior wife was living. The cause was tried at the Schuyler Circuit, and the plaintiff recovered a verdict of $9,000. There was also a count in the complaint for assault and battery. The case was abundantly proved upon the evidence.
There was no pretense but that the defendant was married to Cornelia Anderson some twenty years ago, and that she procured a divorce from him for his adultery, and which decree prohibited him from marrying again during the life-time of the said Cornelia. It was proved upon the trial, by parol evidence, without objection, that the defendant was married to one Harriet Randall also, before his marriage to the plaintiff, and that she also had procured a divorce from him upon the ground that such marriage was illegal and void, the said defendant being incapacitated to contract marriage *Page 435 
while his former wife was living. When the record of this second decree of divorce was offered in evidence the defendant objected to it on the ground that it was already proved by parol, and that the fact attempted to be proved is not denied in the pleading. Neither of these objections are tenable, and no detriment could result to the defendant from this evidence, as his answer fully admits this decree of divorce. If there was a valid objection to this decree, the defendant waived it by taking untenable grounds of objection. (Dunham v. Simmons, 3 Hill, 609.) At the close of the trial the plaintiff's counsel commenced to read the complaint in this action for divorce, in which the said Harriet Randall was plaintiff, and he did read a portion of such record, and which was objected to, and the court held that the whole record in that suit was in evidence, but that such record only established the fact that a divorce had been granted in the case, and the cause for granting it, to which defendant's counsel excepted. I am not able to see any error in this ruling. The record had been put in evidence as we have already seen, without any legal objection raised against it. The defendant cannot now raise objections to this record in this court for the first time. If these objections had been raised upon the trial, the plaintiff may have been able to obviate them by proof, and besides, it furnishes no ground for a new trial, as the defendant in his answer fully admits this decree of divorce.
The defendant moved to nonsuit the plaintiff on the ground that the relation of husband and wife not being dissolved, this action for damages cannot be maintained; and also upon the ground that the evidence shows that there was such gross negligence on the part of the plaintiff in entering into this marriage relation with the defendant, that the law will afford her no remedy in the case, and which motion was denied, and the defendant excepted. The statute declares this marriage with the plaintiff absolutely void (2 R.S. 139, § 4), and there is no objection to the plaintiff's maintaining this action, because of the marriage relation entered into between them. The plaintiff had a right to rely on the *Page 436 
positive and repeated statements of the defendant, that he was lawfully divorced from his former wives, and was not required to investigate the records in the city of New York, three hundred miles away. (Mead v. Bunn, 32 N.Y. 275.)
At the close of the trial the defendant insisted that the plaintiff was bound to elect, whether to go for the damages upon the fraud in the contract, or for the assault and battery; that both cannot be joined in one action.
The court held that the action was maintainable if the fraud was established. That if the fraud was established, and the defendant had ill-treated the plaintiff, that was matter in aggravation of the damages, and that the plaintiff was not bound to elect, and to this ruling the defendant excepted.
The misjoinder of causes of action, if any there be in this case, appears upon the face of the complaint, and as the defendant has not demurred to the complaint, he has waived the objection and cannot raise it upon the trial, as the court had jurisdiction, and the complaint stated facts sufficient to constitute a cause of action. (Code, §§ 144, 147 and 148.)
The judge at circuit properly overruled the defendant's application to compel the plaintiff to elect, for which cause of action he claims to recover, and it is not important to inquire whether he assigned a wrong reason for his ruling or not.
As the case stood upon the pleadings, the plaintiff had a right to insist upon a recovery upon both, and the judge should so have charged the jury. The plaintiff, probably, was more prejudiced by this ruling, in allowing the jury to take into consideration the ill-treatment proved upon the trial in aggravation of the damages for the main cause of action, only, than was the defendant. I am inclined to think, however, that it was legitimate for the jury to consider this ill-treatment in connection with the fraudulent marriage, cohabitation, and the personal control which that relation gave the defendant over the plaintiff, she innocently believing that the defendant was her lawful husband. It is manifest from the rulings of the judge upon the trial, and his charge to the jury, that the plaintiff was not permitted to *Page 437 
recover damages for the independent cause of action for assault and battery, and, consequently, no injury can have resulted to the defendant in consequence of the judge submitting this question in the form he did to the jury.
The objections taken by the defendant to the evidence given by the plaintiff and her witnesses to prove that the defendant assaulted and beat her, were properly overruled for the same reason. She was entitled, under the pleadings, to give this evidence and make it the basis of a claim for damages before the jury.
There were many objections taken to the admission of evidence offered by the plaintiff upon the trial, the rulings upon which are complained of here. The most of these are frivolous. We will consider some of the most important.
The question put by the defendant's counsel to Mrs. Howell, was properly excluded. It was, at any rate, discretionary with the court whether to permit it or not. (32 N.Y. 127.)
All of the evidence offered to contradict Mrs. Howell, by showing that she had made statements different from what she testified on her cross-examination, by defendant's counsel, was properly excluded, as all the matters inquired of were collateral to the issue in the cause, and the defendants must take her answers.
The question put to the defendant on his cross-examination, to wit: "Did you tell Harriet Randall that you were worth $70,000?" was properly allowed as legitimate cross-examination. The plaintiff had testified, on his direct examination, that he was only worth about $17,000, and it was competent for the plaintiff, on cross-examination, to show that this was not so, and that he was really worth a good deal more. It was pertinent cross-examination upon the very subject on which the defendant had been examined in his own behalf. The plaintiff had given evidence by witnesses, before, tending to show that the defendant was worth much more than this. It is proper to say that this evidence was given without objection; and the defendant was examined to overthrow it, and it was certainly competent for the plaintiff, on cross-examination, to shake his evidence, if she could. As the *Page 438 
defendant denied that he ever told Harriet Randall that he was worth $70,000, no error was committed in allowing the plaintiff to prove by her that he did tell her so. It does not alter the case if it were conceded that the whole evidence in regard to the defendant's property was immaterial. When the party will voluntarily accept an immaterial issue and give evidence upon it, it does not lie with him afterward to complain that the court allowed the other side to answer him. (Young v. Mason, 8 Pick. 551; Riggs v. Lindsley, 8 Cranch, 500; Grannis v.Brandon, 5 Day, 260; Grafton Bank v. Woodward, 5 N.H. 301.) The objection to this evidence, that it was not admissible because the defendant's attention was not called to time and place, cannot prevail. The rule insisted on does not apply when the admission sought to be proved is that of a party to the suit. The party's confessions are competent without interrogating him at all in regard to it. The further objection that this evidence was not admissible, because it was made to her while they were husband and wife, cannot be sustained. The statute itself declared their marriage void, and besides, the Supreme Court had already declared it so. The defendant therefore could not claim any protection as to communications made to her. (Wells v.Fletcher, 5 Carr. Payne, 12; 1 Mood. Rob. 99; 2 Dev. Bat. 177; 2 Cow. Hill's Notes, 1554.)
I do not think that any error was committed in allowing Mrs. Van Dusen, Mrs. Sprowls and Mrs. Clark, to give the evidence which they did, tending to contradict Mrs. Boerum. She did not answer the questions put to her; she certainly equivocated and qualified her answers, and negatived some; and actually gave such a coloring to her answers, that it can hardly be claimed that she assented to the contradictions which these witnesses proved, and I cannot think that any violence was done to the rule requiring the party to call the attention of the witness to time and place, where he wishes to lay the foundation for contradicting. Mrs. Boerum was very particularly inquired of as to these conversations, and she recollected some of the conversations and the places *Page 439 
where they were had, and wherever this particular objection was made, the case shows she understood perfectly the place and time.
I am satisfied that substantial justice was done upon the trial, and I advise the affirmance of the judgment.
All the judges concurring,
Judgment affirmed. *Page 440