CHARLES G. CORNELL AND JAMES B. NICHOLSON, RESPONDENTS, v. THE MAYOR, ETC., OF THE CITY OF NEW YORK, APPELLANTS.

*Chap.* 86, *R. L. of* 1813 — *Commissioners for opening streets in the city of New York — liability of, for expenses and disbursements — Liability of personal representatives — joinder of, in action against city.*

Under chapter 87 of 1813, authorizing the appointment of commissioners to open and widen streets in the city of New York, such commissioners are jointly liable for the expenses and disbursements incurred in such proceeding; and in an action by the commissioners against the city to recover the amount thereof, all the commissioners then living and the personal representatives of those who may be then dead must be made parties.

APPEAL from a judgment entered upon an order overruling, as frivolous, a demurrer interposed by the defendants.

*A. J. Requier* and *W. C. Whitney,* for the appellants.

*Henry E. Davies,* *S. G. Clarke* and *T. Allison,* for the respondents.

BRADY, J.:

This action was brought to recover the fees, charges and expenses of the plaintiffs and one James S. Hennessy, as commissioners of estimate and assessment under an appointment by this court for the widening and straightening of Broadway, from Thirty-fourth to Fifty-ninth street, in this city. The complaint alleges, among other matters set forth, that Hennessy died after the making of the final report in the proceedings; but it appears that his death did not take place before the fees, expenses and charges had been taxed in the manner required by law. The defendant demurred upon the ground that there was a defect of parties plaintiff in this, namely, that James S. Hennessy a co-commissioner with the plaintiffs, was omitted as a party.

The statement of the cause of the demurrer is not what was intended. It was evidently the intention of the pleader to assert that the personal representatives of James S. Hennessy were necessary parties. This infelicitous mode of assertion ought not to prejudice the defendants, however, because it could not mislead the learned counsel for the plaintiffs. They thoroughly comprehended what was meant.

The court overruled the demurrer as frivolous, and ordered judgment unless the defendant answered within a time named.

They appeal, and the question to be considered is, the correctness of the order made. The plaintiffs and Hennessy were selected to perform a duty to the public, in a position designated by statute, and deriving all their powers from it. They were to act jointly for a compensation exclusive of necessary disbursements, regulated by statute. The right to compensation depended upon the performance of the duties incumbent upon them. (*Smith* v. *The Mayor,* 37 N. Y., 510; *McVeany* v. *The Mayor,* 1 Hun S. C. R., 35.) And the claim for such services, exclusive of disbursements, was joint and several. Each commissioner could have prosecuted his claim for his fees; but the disbursements, for which all were liable (*Pittman* v. *The Mayor,* 6 N. Y. S. C. [T. & C.], 90; *People ex rel.*

*Bagley* v. *Green*, 1 Hun, 1; *People ex rel. Purser* v. *Green*, id., 86), could not be the proper subject of an action by any one of them. The joint, not several liability, for these disbursements, including clerk hire, etc., rendered it obligatory upon all, as the joint owners of the fund provided to pay them, to unite in an action for its recovery. The relation of the commissioners to the defendants, therefore, created a seeming anomaly by which, as to a part of their compensation, they could severally prosecute their demands, and as to another part must unite to coerce payment. This difficulty presents itself in this action with the same force as if but one of them was the plaintiff. The commissioners are jointly liable, as we have seen, for the clerk hire, etc.; and the personal representatives of Hennessy are included in this liability; and they are interested, therefore, in such part of the claim as may be necessary to discharge the existing obligation. Their liability does not arise upon any principle of copartnership, but from the joint public duties imposed upon them, and which could not be discharged without aid, and the consequent assumption of such responsibility as its procurement might entail.

The plaintiffs do not acquire any right to the whole of such aliquot part of the claim against the defendants, or to that portion of it which was due to Hennessy for his personal services. There was no joint interest in the latter, and none in the former so exclusive as to render Hennessy's representatives unnecessary parties. They should have joined, or been made defendants, upon a refusal to unite, because the defendants (the Mayor, etc.) should not be subjected to the dangers of a second action for the same cause, or a part of it; and the personal representatives named should not be endangered by a recovery of the sum necessary to pay existing obligations, which would pass into the hands of the plaintiffs free from their control. They should not, in other words, be compelled to substitute the plaintiff's responsibility for the fund itself.

For these reasons we think the judgment must be reversed with costs, and the demurrer ordered to stand for hearing at the Special Term.

DANIELS, J., concurred; DAVIS, P. J., concurred in result.

Judgment reversed, with costs; demurrer ordered to stand for hearing at Special Term.