(121 App. Div. 231)

### RUEMER v. CLARK.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

1. **Witnesses—Credibility—Conduct of Witness Inconsistent with Testimony.**

In an action for personal injuries alleged to have caused a rupture, where plaintiff testified that he never had a rupture before the accident, it was proper to ask his wife if her husband did not bring suit formerly against another person, in which he claimed to be ruptured, in order to discredit plaintiff's testimony.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 1209.]

2. **Same—Witness a Party.**

The rule that such evidence is not admissible, unless the attention of the witness sought to be discredited is called to the declarations, does not apply where the witness is a party.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 1234, 1235.]

3. **Evidence—Best Evidence.**

The question was not objectionable as not calling for the best evidence— i. e., the complaint itself; this fault not being specified, and the question not calling for the contents of the complaint as such, but simply a statement of the witness, which may not have been in writing, since the action may have been in a court wherein the pleadings could be oral.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 460, 539.]

4. **Witnesses—Credibility—Competency of Evidence.**

In an action for personal injuries alleged to have caused a rupture, where plaintiff's wife testified that before the accident plaintiff never had a rupture, it was proper to ask her, as bearing on her credibility, if plaintiff had not, prior to the accident, brought a suit against another person for injuries alleged to have caused a rupture.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 1276, 1277.]

5. **Damages—Evidence—Admissibility.**

In an action for personal injuries alleged to have caused a rupture, where plaintiff and his wife both testified that prior to the accident plaintiff had never had a rupture, testimony as to whether or not he had, prior to the accident, brought suit against another for injuries, alleging that they had resulted in a rupture, was material to the issue.

Hooker, J., dissenting.

Appeal from Trial Term.

Action for negligence by John Ruemer against Margaret A. Clark. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Henry F. Cochrane, for appellant.
Charles C. Clark, for respondent.

JENKS, J. The action is for negligence. The plaintiff has recovered a substantial verdict. The injuries alleged and covered by the testimony included an inguinal hernia. The plaintiff upon his direct examination testified that he "never had anything in his groin before the accident"; that he "never had any trouble with his groin." Upon the defendant's cross-examination of the plaintiff's wife she was asked:

"Q. I will ask you if your husband didn't bring suit against Stutts, the butcher, in the year 1898, in which he claimed to be ruptured also? (Objected to. Objection sustained, and exception taken.)"

If the plaintiff, prior to the accident, had asserted that he was suffering from hernia, I think it was competent to prove such declarations, on the theory that they might be regarded as inconsistent with his present testimony. The objection was general. The rule that such evidence is not admissible, unless the attention of the witness sought to be discredited is called to the declaration, does not apply when that witness is a party. Blossom v. Barrett, 37 N. Y. 438, 97 Am. Dec. 747. If the objection was based upon the contention that the question did not call for the best evidence—i. e., for the complaint itself—it seems to me that the answer is that, if that fault had been specified, it might have been obviated. Height v. People, 50 N. Y. 392. Moreover, the question did not call for the contents of the complaint as such, but simply for a statement of the witness, which at most was made in writing. Non constat that the complaint was in a court wherein the pleadings could be oral.

I think that the evidence was relevant for another reason. As the witness had testified on her direct examination that her husband before this accident never had a knot in his groin, or any trouble in his groin, nor had ever worn a truss, the question excluded bore upon her credibility. If the question was admissible, it cannot be gainsaid that it was material. Indeed, the final and successful request of the plaintiff's counsel was for an instruction that the defendant had produced no testimony of any injury of the plaintiff from any other source, or of any accident which would cause or tend to cause a rupture, except the accident in question.

I advise a reversal and the granting of a new trial.

Judgment reversed, and new trial granted; costs to abide the event. All concur, except HOOKER, J., who dissents.