(129 App. Div. 520.)

## CONSELYEA et al. v. VAN DORN.

(Supreme Court, Appellate Division, Second Department.   December 30, 1908.)

1. EVIDENCE (§ 222*)—ADMISSIONS—TITLE TO LAND.

   Plaintiffs in ejectment were entitled to prove statements made by defendant tending to show that he did not make claim of title to the premises in dispute.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 761; Dec. Dig. § 222.*]

2. WITNESSES (§ 388*)—EXAMINATION—DECLARATION—TIME AND PLACE.

   The attention of a witness who is a party need not be called to the time and place when and where he made certain alleged statements.

   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1242; Dec. Dig. § 388.*]

Appeal from Trial Term, Queens County.

Action by John P. Conselyea and others against Primus Van Dorn. From a judgment for defendant, and from an order denying plaintiffs' motion for an order striking from the judgment an additional allowance of $250 costs, and in the alternative for an order reducing the allowance to $150, they appeal.   Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Frederick H. Cox, for appellants.

J. C. Van Siclen, for respondent.

JENKS, J.   This appeal is from a judgment for the defendant in an action for ejectment wherein a verdict was directed at Trial Term.

I think that the plaintiffs should have been permitted to prove, if they could, any statements made by the defendant which showed or which tended to show, that he did not make claim of title to the premises in dispute.   How much such statements are worth is not for us to say.   In Colvin v. Burnet, 17 Wend. 568, Cowen, J., for the court, says:

"It is well known that a single lisp of acknowledgment by the defendant that he claims no title fastens a character upon his possession."

See, too, Cutting v. Burns, 57 App. Div. 185, 68 N. Y. Supp. 269; DeLancey v. Hawkins, 23 App. Div. 8, 14, 49 N. Y. Supp. 469, affirmed 163 N. Y. 587, 57 N. E. 1108.   I cannot infer that the learned court excluded these statements for any reason·save that the objections made that they were irrelevant, incompetent, and immaterial were good, but, in view of a new trial, it may be well to point out that the questions were sufficiently explicit and definite, for the rule that the attention of a witness must be called to the time and the place when and where he made the alleged statements does not obtain when he is a party. Blossom v. Barrett, 37 N. Y. 434, 97 Am. Dec. 747; Ruemer v. Clark, 121 App. Div. 231, 105 N. Y. Supp. 659.   Moreover, the different hearers of the alleged statements were specified in the questions.

The judgment and order are reversed and a new trial is granted, costs to abide the event.   All concur.

GAYNOR, J. (concurring). I concur, but not in the suggestion or implication. that there is a rule that if a witness who is not a party be asked on cross-examination if he made a certain statement contradictory of his present evidence the question. must include time and place to be allowed. There is no such rule. On the contrary, he may be asked if he ever made the statement. Wider latitude than this is allowed on cross-examination. The case of Ruemer v. Clark which is cited only asserts the familiar rule that you may prove material declarations of a "party" without first asking him if he ever made them. It is trite that the material declarations of a party are competent and may be proved in any way. The other case cited, Blossom v. Barrett, only deals with the same rule. There the defendant had testified that he was worth only $17,000, and on cross-examination he was asked if he did not tell one Randall that he was worth $70,000, and the question was properly allowed, though no time or place was mentioned. There is a rule, however, in the trial of causes that if a witness who is not a party be asked on cross-examination if he did not make a certain statement which is contradictory of his present evidence, oral evidence to contradict his negative answer may not be allowed, especially if the witness has departed court, unless the question to him included time and place, if possible; and the witness being thus contradicted is often recalled to have this omission supplied when it is made the basis of an objection. But this rule is one of order and discretion in the trial of causes, and it is hard to conceive of a case of departure from it that would be considered on appeal at all.