### KEATING v. UNITED STATES LIGHT & HEATING CO.

(Supreme Court, Appellate Term. November 11, 1910.)

WITNESSES (§ 388*)—PARTY AS WITNESS—CONTRADICTION—FOUNDATION—NECESSITY.

The rule requiring a foundation to be laid for contradicting a witness by calling his attention to the time and place of previous declarations does not apply, where the declaration sought to be shown as an admission is that of a party to the suit.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1233–1242, 1246; Dec. Dig. § 388.*]

Appeal from City Court of New York, Trial Term.

Action by John D. Keating against the United States Light & Heating Company. From a judgment for plaintiff, and from an order re-

fusing a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Dos Passos Bros. (Louis S. Posner and Cyril F. Dos Passos, of counsel), for appellant.

Alfred J. Talley, for respondent.

SEABURY, J. This action is brought to recover damages for the alleged breach of a contract of employment. Upon the trial the defendant called a fellow employé of the plaintiff as a witness, and endeavored by the testimony of that witness to prove admissions made by the plaintiff contrary to his testimony. Upon objection being made, the court excluded the evidence upon the ground that the plaintiff's testimony could not be contradicted, because no foundation had been laid for the contradiction by calling the attention of the plaintiff to the time and place of the alleged admissions. The exclusion of the testimony was error prejudicial to the defendant. The rule of evidence applied by the learned court below has no application, where the admission sought to be proved is that of a party to the action. Blossom v. Barrett, 37 N. Y. 434, 438, 97 Am. Dec. 747; Wigmore on Evidence, § 1051.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.