BERNICE LEVENTHAL, Respondent, *v.* FANNIE LIBERMAN, Defendant, and JACOB LIBERMAN et al., Appellants.

(Argued May 31, 1933; decided July 11, 1933.)

*Harold R. Medina, Eugene A. Sherpick, John W. Jordan* and *Abraham H. Sarasohn* for appellants.

*Sidney J. Loeb* and *Leon M. Prince* for respondent.

CRANE, J.   Bernice Leventhal and Abraham Liberman were joined together in bonds of matrimony in the city, county and State of New York on the 27th day of June, 1922.   The marriage was annulled on the 21st day of July, 1926, because of the fraud of the husband and his parents in procuring the consent of the wife to the marriage.   Bernice Leventhal now brings this action against the father of Abraham Liberman and the sister, Rose Altmark, to recover damages for their false and fraudulent representations in inducing her to marry the son and

brother. She has been awarded a substantial judgment which has been affirmed unanimously by the Appellate Division.

That there is evidence to sustain the finding of false and fraudulent representations is not disputed upon this appeal. The father and sister were both asked particularly and specifically before the marriage regarding the health and the habits of the young man, and both assured the plaintiff and her family that Abraham had never been sick, was a well boy, and that he had no bad habits known to them; whereas, in fact, they both knew that he was tubercular and had been treated for the disease; that he was a drug addict, and, after treatments and confinement, was unable to give it up. Immediately after the marriage, Abraham was taken sick and during the few years before the annulment was nursed and cared for by his wife, the plaintiff, in various retreats, as well as at the home of his parents, and soon developed a recurrence of his longing for drugs. On this evidence the decree of annulment was justified, as it did not appear that the parties had voluntarily cohabited as man and wife, with full knowledge of the facts constituting the fraud, before the commencement of the action. This seems to be the only act of ratification barring the action for annulment. (Civ. Prac. Act, § 1139.)

That the plaintiff had suffered damage by reason of the fraud thus established is self-evident, but, under the principle of *Schubert* v. *Schubert Wagon Co.* (249 N. Y. 253), she might not be able to recover the damages against her husband for his fraud. A wife may not maintain an action against a husband, nor a husband against a wife, for personal injuries, whether negligent or willful. The decree of annulment, however, destroyed the marriage from the beginning, as a source of rights and duties, but whether this would take the case out of the above rule we do not now decide. What, however, is to prevent her from maintaining an action against the father and the sister who, by their false and fraudulent statements

and representations induced her to marry? In reliance upon these false representations she changed her status from a single woman to a married woman, lost the consortium, attentions and support of a well man, and endured mental pain and anguish as well as humiliation from being bound in matrimony to an invalid and a drug addict. That an action of this nature for fraud, in inducing one to marry another, may be maintained we have heretofore written in *Piper* v. *Hoard* (107 N. Y. 73); *Kujek* v. *Goldman* (150 N. Y. 176); *Abrahams* v. *Abrahams* (246 N. Y. 611).

The appellant presses upon our attention the difference between this case and the *Abrahams* case, in that the plaintiff here had full and complete remedy when she elected to annul the marriage. We do not find the doctrine of election of remedies, as defined in *Clark* v. *Kirby* (243 N. Y. 295), applicable to this case. The plaintiff annulled her marriage because of the husband's fraud and deceit in the particulars mentioned, but the decree did not wipe out the past effects upon her. The injury was very real, and those causing it should be made to pay the damages. Their acts have the same legal result when inducing marriage as when inducing any other change in position through fraud and fraudulent representations. The result is to make the third party liable for the damage sustained, whether, as in the *Abrahams* case, there has been no annulment of marriage, or whether, as in this case, such partial relief has been afforded. The annulment decree, while relieving the plaintiff for the future, did not and could not make up for past suffering and affliction. She had become a married woman, no longer a virgin; she had suffered the pain and humiliation following the discovery of her husband's real condition; she had felt the disgrace of her situation: all of which are matters which the law takes into consideration when trying in this rather crude way to measure the damages in money. The defendants, father and sister, therefore, are liable for their acts,

even though the plaintiff has obtained a decree annulling the marriage with the son Abraham. (*American Surety Co. v. Conner*, 251 N. Y. 1; *Powers v. Benedict*, 88 N. Y. 605; *Bowen v. Mandeville*, 95 N. Y. 237; *Frey v. Torrey*, 175 N. Y. 501.)

This ruling leaves great latitude for the praise of children, which is quite natural to parents, and by no means indicates that relatives are called upon to state any or all imperfections or unhappy traits which may exist in one about to be married. Opinions vary, and every one is entitled to his own. Strange indeed would it be if a father or mother did not see the best in their offspring. Praise is comely, and expected from those who love us, and at no time is it more appropriate than when a partner is to be selected for life. Praise, adulation, commendation, admiration, everything that exalts and uplifts is of the essence of parenthood. Never do we expect that a father or mother will see the child in the same light as others. Recognizing all this, however, there comes a time when the truth must be spoken. In this case, the father and the sister were asked specifically about a condition which had aroused some suspicion in the minds of the bride's family. They answered, deliberately stating that which they knew to be false. This finds no defense in the natural instincts.

The judge in this case, however, charged the wrong measure of damages. He said to the jury, " She is entitled to such damages as will fairly compensate her for such deprivation of what she had a right to expect from her husband who was not what she claims the father and sister represented him to be. * * * The principle underlying all rules for the measurement of damages in an action such as this is indemnity for the actual pecuniary loss sustained as the direct result of the wrong done." Again, he charged request No. 13, which was: " The plaintiff may only recover as damages any pecuniary loss sustained by her as a result of the alleged false representations." This is error, to which no excep-

tion was taken by the defendants for the reason, apparently, that the charge was more favorable to them than the law justifies. The pecuniary loss is by no means the limit of damage in such a case as this. The plaintiff, beside any direct pecuniary loss, may have the jury consider as bearing upon the question of damage the fact that she has changed her status as a single woman, has suffered humiliation, disgrace and mental anguish, and that she has also been deprived of the society, comfort and attention of a well man. What these damages are, or should be, must rest very largely in the discretion of the jury, but these are elements which they may consider in arriving at the amount. (*Chellis* v. *Chapman*, 125 N. Y. 214; *Coolidge* v. *Neat*, 129 Mass. 146; *Vanderpool* v. *Richardson*, 52 Mich. 336, and 2 Sedgwick on Damages [9th ed.], §§ 473, 480-b; Mayne on Damages, p. 481; 5 Sutherland on Damages [4th ed.], § 1285, p. 4973.) The defendants, therefore, have no reason to complain in this case that the award was made upon the basis of the direct financial loss, and no more, which the plaintiff had sustained.

That part of the judge's charge, above quoted, wherein he said the plaintiff was entitled to damages which will compensate her for " such deprivation of what she had a right to expect from her husband," or, in other words, the difference between what he was and what he was represented to be, apparently was taken from the *Abrahams* case. The point was not raised by proper exception in that case. This is not the rule, or measure of damage in these cases. The rule, as we have given it, is similar to that in libel, breach of promise, seduction, criminal conversations and other cases of like nature.

The judgment, therefore, should be affirmed, with costs.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Judgment affirmed.