ALICE COHEN, Plaintiff, *v.* MAX KAHN and Others, Defendants.

Supreme Court, Special Term, Kings County, May 10, 1941.

*Max Steinberg*, for the plaintiff.

*Martin E. Rendelman*, for the defendant.

SMITH, J. Plaintiff and defendant Max Kahn were married in the county of Kings on December 24, 1939. Thereafter and on September 10, 1940, plaintiff commenced an action for annulment which resulted in a final judgment in her favor on February 25, 1941. The present action is brought to recover damages alleged to have been suffered by plaintiff as a result of the fraudulent misrepresentations of the defendant Max Kahn and his parents, Robert and Mary Kahn, in that they represented to the plaintiff that the defendant Max Kahn was in good health free from any incurable disease when in fact he was suffering from a chronic and incurable disease known as hemophilia.

It is the defendant Max Kahn's contention that a wife may not sue her former husband in an action for fraud and deceit; and further that plaintiff, having availed herself of the remedy of annulment, may not now sue the same defendant for money damages. These contentions, in my opinion, are without merit. That an action for false representations may be maintained even though the marriage has been annulled was so held in *Leventhal* v. *Liberman* (262 N. Y. 209). There the court succinctly pointed out the effect of a previous annulment. It states (p. 212): "The plaintiff annulled her marriage because of the husband's fraud and deceit

in the particulars mentioned, but the decree did not wipe out the past effects upon her. The injury was very real, and those causing it should be made to pay the damages. * * * The annulment decree, while relieving the plaintiff for the future, did not and could not make up for past suffering and affliction."

It will be observed that in the *Leventhal* case the court did not decide the question whether a woman could sue her former husband for damages for his fraud. However, as the court there stated, " the * * * * annulment * * * destroyed the marriage from the beginning, as a source of rights and duties." In the eyes of the law there never was any marriage contract between the parties. Under such circumstances, I do not see how plaintiff could be bound by the common-law limitation against one spouse suing another for a tort. Moreover, there would appear to be other ample authority to sustain the legal sufficiency of plaintiff's cause. (See *Blossom* v. *Barrett*, 37 N. Y. 434; *Snyder* v. *Snyder*, 172 Misc. 204; 38 C. J. 1362; 2 Schouler on Marriage, Divorce, Separation and Domestic Relations [6th ed.], § 1146.)

Defendant's motion is, therefore, denied.