Rinaldi, J.
The complaint, as a statement of the nature and substance of the cause of action, amplified by the amended bill of particulars, is sufficient as a pleading in this court. (N. Y. City Mun. Ct. Code, § 78, subd. 1.)
The court, however, expressly is not adjudicating that the specific items of damage set forth in the complaint, to wit: $2,000 ring and half the value of the furniture and furnishings, are necessarily recoverable.
The cause of action is for fraud in inducing the plaintiff to enter into a marriage. That is an actionable cause. (Blossom v. Barrett, 37 N. Y. 434.) It remains an actionable cause, though the marriage itself has been annulled. (Leventhal v. Liberman, 262 N. Y. 209.) It is an actionable cause both against the prior spouse and those who practiced the fraud. (Cohen v. Kahn, 177 Misc. 18, affd. 263 App. Div. 728.)
If in any aspect upon the facts stated, plaintiff is entitled to recover, the action should not be dismissed. (Abrams v. Allen, 297 N. Y. 52.) Hence, the action itself is maintainable.
It is, however, quite another matter what items of damage are recoverable in such an action.
Obviously, the fraud commenced prior to the marriage and was consummated by the marriage. It can be argued, therefore, that every item of damage sustained during the process of the fraud, or as a result of any part of the fraud is recoverable in the action maintainable for the fraud. That is so, except that a statutory interdiction crops up, to wit: Article 2-A "of the Civil Practice Act.
*102 The complaint does not particularize when the ring and furniture were given to the former spouse nor the nature of such giving. If these were given after the marriage, there is no question of their recoverability in this action. The issue presents itself, however, should they have been given prior to and in contemplation of the marriage and it especially presents itself regarding the ring.
If no marriage had taken place, plaintiff could not have recovered. (Andie v. Kaplan, 263 App. Div. 884, affd. 288 N. Y. 685.) No recovery could be had though fraud was practiced by defendant in procuring what was sought to be obtained back. (Sulkowski v. Szewczyk, 255 App. Div. 103.)
The point presents itself thus: Does marriage make recoverable what is interdicted against recovery without marriage ?
The gravamen of the maintainable cause of action is that plaintiff was damaged by being induced through the fraud of defendants to enter a marriage which changed his status. It is the marriage which allegedly caused the injury and from that injury the damage flows.
What was done by plaintiff in contemplation of the marriage is separable from the marriage itself. Since that is interdicted by statute, no recovery thereof may be had, while recovery continues for the damage flowing from the injury sustained through the marriage itself. Thus, proper effect can be given both to the statute and to plaintiff’s present cause of action without intermingling and confusing both into one.
Accordingly, the motion is denied.