■ BERNICE REICHBACH, Respondent, v. SAMUEL D. REICHBACH et al., Appellants.— In an action to recover damages for fraud, the appeal is from an order denying a motion to strike paragraphs 11 and 12 from the complaint pursuant to rule 103 of the Rules of Civil Practice. Order reversed, with $10 costs and disbursements, and motion granted. The false, fraudulent representations complained of consist of statements made prior to the marriage of respondent and appellants' son as to the state of his health. It is our view that the allegations contained in said paragraphs are wholly irrelevant to the cause of action alleged and would tend to prejudice appellants. Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur; Wenzel, Acting P. J., dissents and votes to affirm, with the following memorandum: In part, paragraph 11 alleges that, as an element of the fraud, none of the numerous policies of life insurance on the life of appellants' son was changed so that the respondent would be the beneficiary after the marriage, but the appellants remained as beneficiaries thereof and that, following the death of said son, without notice or advice to the respondent and after instructing her not to participate in any affairs of the estate of said decedent for a period of 30 days after the death, for religious reasons, the appellants converted the policies into cash during that period. Paragraph 12 alleges that the death of respondent's husband left her virtually penniless and that the assets of his estate were barely sufficient to pay decedent's last medical, funeral and other bills. If the allegations have no bearing on such damages as could properly be awarded, those allegations might well be prejudicial to the appellants if spread before a jury; their elimination would not harm the pleader and they should be struck out on the motion (4 Carmody-Wait on New York Practice, pp. 768–769). In the type of action involved herein, the damages rest very largely in the discretion of the jury (*Leventhal* v. *Liberman,* 262 N. Y. 209, 214; *Kujek* v. *Goldman,* 150 N. Y. 176). In my opinion, the damages awarded may include consideration of the fact that there were insurance policies on the life of the decedent which the respondent permitted to remain payable to the appellants (see, e.g., *Coolidge* v. *Neat,* 129 Mass. 146) and such a factor as the financial position in which the respondent was left by her husband's death (see, e.g., *Vanderpool* v. *Richardson,* 52 Mich. 336; *Chellis* v. *Chapman,* 125 N. Y. 214; *Beach* v. *Beach,* 160 Iowa 346). Possibly the allegations in paragraph 11 might be considered as bearing on special damages. But whether they be considered as falling within the category of special or of general damages, it is my opinion that evidence under paragraphs 11 and 12 would be admissible on the issue of damages. The family relationship and its regulation are so much a matter of public policy that the law in relation thereto is based upon principles not entirely applicable to other cases, and all negotiations having marriage for their end are similarly regarded. The law of marriage, so far as property interests are concerned, is founded upon principles requiring the utmost good faith of all parties (*Piper* v. *Hoard,* 107 N. Y. 73, 77; *Beach* v. *Beach, supra*). Motions to strike out parts of a pleading as unnecessary and improper are addressed to the sound discretion of the court, are not favored, and will be denied

unless the court can clearly see that the allegations have no possible bearing on the subject matter of the litigation. Where evidence of the facts pleaded in the allegations has any bearing on the subject matter of the litigation and is a proper subject of proof, the presence of such matter involves no prejudice and the allegations are not irrelevant to the cause of action pleaded. (*Solomon* v. *La Guardia,* 267 App. Div. 435; *Zirn* v. *Bradley,* 269 App. Div. 961; *Gerseta Corp.* v. *Silk Assn. of America,* 220 App. Div. 302, 305.) The court's discretion is to be exercised with caution and it may not be said that the Special Term erred in denying the motion in this action where the measure of damages is so largely in the discretion of the jury.