■ SOLIN KAREN LEE CHU, Appellant, v. LING SUN CHU, Respondent.— Judgment entered in defendant's favor dismissing the complaint affirmed, with costs to respondent. This action was brought to recover damages for fraudulent representations inducing the plaintiff to marry the son of the defendant. The

court dismissed the complaint after the plaintiff's case for failure of proof of damages. One of the allegedly false representations relied upon was a promise on the part of the defendant to contribute.$250 per month toward the support of the plaintiff and her husband for a specified period of time. Heretofore, it was held by this court (*Chu* v. *Chu*, 9 A D 2d 888) that suit on the theory of contract to collect $250 per month was barred because the agreement came within the Statute of Frauds. However, at the same time the complaint was held sufficient to sustain an action in fraud. In attempting to prove damage the plaintiff offered evidence as to her living expenses. In 'effect she took the position that living alone (the plaintiff, after going through a civil ceremony, did not consummate the marriage but lived apart from her husband) she was entitled to one half of the $250 promised. Obviously, such proof was improper for that would be relying on the alleged agreement held to be void as coming within the Statute of Frauds. When asked what other proof of damages the plaintiff had the answer by her counsel was "It is limited to those items [support, living expenses, rent and clothing] ". The court, therefore, properly dismissed the complaint. On appeal the plaintiff urges that at the time of trial she was not aware of the case of *Leventhal* v. *Liberman* (262 N. Y. 209). She states that had she been aware of such case an attempt would have been made to prove general damages. She also claims that she construed the decision of the Appellate Division with respect to damages to preclude proof of general damage. She accordingly asks for a new trial in the interests of justice. Be that as it may there is a fatal defect in the plaintiff's case apart from the failure to prove damages. Where representations are promissory in nature, as here, the plaintiff may not recover unless there is proof that at the time the promises were made the defendant had no intention of keeping them. The lack of intention to perform is what constitutes the fraud. There is absolutely no proof to sustain a finding, nor is there any evidence from which we may draw an inference, that at the time the promises were made there was no intention to perform. On the contrary the plaintiff's own testimony affirmatively indicates that the defendant was willing to and, in fact, did perform until finally convinced that the plaintiff would not live with her husband. Indeed even if this were merely a suit for breach of contract the plaintiff would have failed to make out a case. The defendant's failure to fully perform was occasioned not by a lack of intention to perform but by the plaintiff's refusal to live with the defendant's son until the defendant paid for what she considered to be a proper ceremonial wedding. She admitted, however, that the defendant was willing to pay for a ceremonial wedding and indeed, that he told her to have one and that he would pay the costs. However, she demanded a wedding of a certain style. Failing to get it she refused to live with her husband. Her entire testimony precludes a finding of an intention not to perform at the time the promises were made and in the circumstances the plaintiff has failed to make a case. Accordingly, the complaint was properly dismissed and the judgment should be affirmed, with costs. Concur — Breitel, J. P., Rabin, Eager and Bergan, JJ.; McNally, J., dissents in the following memorandum: I dissent and vote to reverse and grant a new trial. Plaintiff's second cause of action is one to recover damages for fraud and misrepresentation. The record demonstrates a prima facie case. The general damages in an action of this kind are defined in *Leventhal* v. *Liberman* (262 N. Y. 209). The alleged deficiency in the proof of pecuniary damages affects the extent rather than the right of recovery.