■ Kenneth Kashan, Appellant, v Best Metropolitan Towel & Linen Supply Co., Inc., et al., Respondents, et al., Defendant.—In an action (1) to recover damages for fraud (the first cause of action) and (2) for a judgment of separation (the second cause of action), plaintiff appeals from an order of the Supreme Court, Kings County, dated September 8, 1975, which granted respondents' motion to dismiss the first cause of action. Order affirmed, with $50 costs and disbursements. Plaintiff alleges that in September, 1973 defendant Max Spatt promised him that if he were to leave his employment as an apprentice salesman of piece goods and enter the employ of defendant Best Metropolitan Towel & Linen Supply Co., Inc., a corporation owned and controlled by Mr. Spatt and members of his family, and were he to marry Mr. Spatt's daughter, defendant Lenore Kashan, he would have permanent employment with the defendant corporation; that his financial future would be secure; and that he would take over control of the corporation, after Mr. Spatt retired, "in about ten years." Plaintiff further alleges that in reliance on those promises, he married the daughter, left his employment, and entered the employ of the corporation. In April, 1975 Mr. Spatt's daughter deserted him and, in May, 1975, he was discharged as an employee of the corporation. As the alleged contract is oral, it is void under subdivisions 1 and 3 of section 5-701 of the General Obligations Law. However, plaintiff claims that he can recover damages for breach of that purported contract because Mr. Spatt made the promises fraudulently, without intending to perform them, and that, accordingly, he is entitled to $250,000 damages from all defendants. Assuming, *arguendo,* that the promises were made, the fact that Mr. Spatt took plaintiff into the business of the corporation as an employee when he married the daughter negates the claim that the promises were fraudulently made. That the marriage did not succeed and that plaintiff was discharged from his employment thereafter does not make out a cause of action for fraud against any defendant (cf. *Solin Karen Lee Chu v. Ling Sun Chu,* 18 AD2d 632, affd 14 NY2d 606). Hopkins, Acting P. J., Latham, Christ, Titone and Hawkins, JJ., concur.