[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #108
On July 8, 1996, the plaintiff, Elyas Khouri, filed a revised complaint in five counts against the defendant Nicholas Koloniaris. The revised complaint alleges the following facts.
In count one, negligence, the plaintiff alleges that for all relevant times he was a resident of Bridgeport, Connecticut, and the defendant was a resident of Stamford, Connecticut. The defendant held himself out to be a qualified dentist, duly licensed to practice dentistry in the Town of Stamford in violation of General Statutes § 20-106.[1] The defendant, however, was not a qualified dentist duly licensed to practice dentistry. the defendant represented to the plaintiff that he was licensed as that term is defined by General Statutes § 19a-13
(3).[2] The defendant in representing himself as being duly licensed, violated the regulation of the profession set forth in General Statutes § 19a-14(a)(6)(A) and (E).[3]
CT Page 954
During June of 1994, the defendant unlawfully entered into a contract with the plaintiff to remove six of the plaintiff's teeth and replace them with dentures for the sum of $2600. The defendant did remove the six teeth for the sum of $2600 in the same month. The defendant, however, acted carelessly and negligently in removing the plaintiff's teeth. The defendant was also careless and negligent in contracting to perform dental work and not completing it. As a result of the defendant's negligence the plaintiff has suffered and will suffer several painful and permanent injuries. As a further result of the defendant's acts of negligence, the plaintiff as been and will be required to expend additional sums of money for medical and dental care, x-rays and medication.
In count two, intentional tort, which incorporates the factual allegations of count one, the plaintiff further alleges that the actions of the defendant constituted an assault and battery in that the defendant falsely held himself out to the plaintiff as being a licensed practitioner of dentistry and performed dental work on the plaintiff in violation of General Statutes § 20-106. The plaintiff would not have consented to the defendant's performance of any dental work if he knew the defendant was not a licensed dentist pursuant to General Statutes § 20-106. As a result of the defendant's actions, the plaintiff has suffered and will suffer several permanent injuries. As a further result of the defendant's actions, the plaintiff has been and will be required to expend additional sums of money for medical and dental care, x-rays and medication.
In count three which sounds in negligent misrepresentation, and incorporates the factual allegations of count one, the plaintiff further alleges that the defendant negligently misrepresented to the plaintiff that he was qualified and licensed to perform dental work. The plaintiff, based on those representations, allowed the defendant to perform dental work on him. As the result of the defendant's negligence, the plaintiff has suffered and will suffer painful and permanent injuries. The plaintiff relied upon the defendant's negligent representation to his detriment.
In count four, sounding in intentional misrepresentation, plaintiff also incorporates the factual allegations of count one. The plaintiff further alleges that the defendant intentionally misrepresented to the plaintiff that he was qualified to perform dental work on the plaintiff and the plaintiff believing those CT Page 955 representations to be true, consented to dental work being performed by the defendant. The plaintiff paid the defendant in exchange for the work. As a result of the defendant's actions, the plaintiff suffered and will suffer painful and permanent injuries. The plaintiff relied upon the defendant's intentional representations and as a result suffered personal injuries and financial losses.
In count five alleging negligent infliction of emotional distress, which incorporates the factual allegations of count one, the plaintiff alleges that the negligence of the defendant has caused and will cause the plaintiff to suffer emotional distress and anxiety.
On July 31, 1996, the defendant filed a motion to strike the second, third, fourth, and fifth counts of the plaintiff's revised complaint on the ground that "they fail to state a claim upon which relief may be granted."[4] The defendant included a memorandum of law with his motion to strike. On September 16, 1996, the plaintiff filed a memorandum of law in opposition.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, ___ A.2d ___ (1996). If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Id., 826.
Count Two
The defendant moves to strike count two, intentional tort, of the plaintiff's revised complaint because the plaintiff has failed to allege that the defendant intended to cause injury. The defendant also claims that an intention merely to do the act causing the injury does not satisfy the requirement of intent for purposes of establishing an intentional tort. The court disagrees.
The theory of battery as a basis for recovery against a physician has generally been limited to situations where he failsto obtain any consent to the particular treatment. Lambert v.Stovell, 205 Conn. 1, 4, 529 A.2d 710 (1987). The consent of the CT Page 956 person will ordinarily avoid liability for intentional interference with person or property. It is not strictly speaking, a privilege, or even a defense, but goes to negative the existence of any tort in the first instance. W. Prosser, TheLaw of Torts, 4th Ed., p. 101 (1971). As to intentional invasions of the plaintiff's interests, the plaintiff's consent negatives the wrongful element of the defendant's act, and prevents the existence of the tort.[5] Id.
If the plaintiff manifests consent to the defendant's act under a mistake as to its nature or character, the consent will still be effective, ". . . unless the defendant is aware of themistake and takes advantage of it, as where he has misrepresentedthe matter to the plaintiff." (Emphasis added.) W. Prosser, Torts
(4th Ed. 1971), supra, p. 105, citing Second Restatement ofTorts, § 55. "Deception — practiced or perpetrated upon the victim — may give rise to a civil action for assault and battery." Stuart M. Speiser, Charles F. Krause, and Alfred W. Gans, TheAmerican Law of Torts, vol. 7, p. 892. "The `fraud' usually said to be involved in such a case may be simply the advantage taken of the plaintiff's ignorance to injure him." W. Prosser, Torts
(4th Ed. 1971), supra, 105. For instance, a woman who consents to intercourse may still recover if she finds that she is the victim of a mock marriage. Id., citing Blossom v. Barrett, 37 N.Y. 434
(1868). "[A] battery is committed where one person administers a drug to another person by inducing the latter voluntarily to take the drug in the belief that he is taking some other substance, or by placing the drug in some otherwise harmless substance and inducing the other to take such substance without knowledge that it contains a drug, the deceit practices in such a case, by meansof which the person is induced to take the drug, being fraud onhis will equivalent to force." (Emphasis added.) S. Speiser, Lawof Torts. supra, p. 892, citing Smith v. Smith, 194 S.C. 247,9 S.E.2d 584 (1940).
In the present case, the plaintiff alleges in his revised complaint that the defendant falsely held himself out to the plaintiff as being a licensed practitioner of dentistry. The plaintiff further alleges that he would not have consented to the defendant performing dental work on him had he known that the defendant was not a licensed dentist. The plaintiff's claim of battery is analogous to a claim made by the woman in Blossom v.Barrett, supra, whose consent to intercourse was negated because she was a victim of a mock marriage. The plaintiff's consent, therefore, should also be negated because the defendant allegedly CT Page 957 misrepresented himself as a licensed dentist to the plaintiff in order to obtain the plaintiff's consent to perform dental work on him. Further, the plaintiff alleges that he allowed the defendant to administer controlled substances to him only because the defendant misrepresented himself as a licensed dentist. If the plaintiff was deceived into taking the drugs, his consent was again negated. Because the plaintiff has alleged that the defendant fraudulently misrepresented himself as a licensed dentist and that the plaintiff allowed the defendant, based on that misrepresentation, to provide dental treatment and administer drugs to him, the plaintiff has indeed alleged sufficient facts to support an action for battery.
The defendant's argument that there can be no intentional tort where the plaintiff has failed to allege that the defendant intended to cause the injuries sustained by the plaintiff is unavailing. The "true rule is that intent is gist of action only where battery is committed in performance of act not otherwise unlawful; if cause of action is battery committed in performance of unlawful or wrongful act, intent of wrongdoer to injury is immaterial; he is answerable for what directly and actually results from his conduct, even though he did not intend the particular injury which follows." S. Speiser, The American Law ofTorts, supra, p. 891, n. 87, citing Lopez v. Suchia, 112 Cal.App.2d 314,246 P.2d 111 (1952). Where the basis of civil action for damages is assault and battery, intention with which the injury was inflicted is immaterial if the act causing the injury was wrongful. S. Speiser, The American Law of Torts, supra, 891, n. 87, citing Keel v. Hainline, 331 P.2d 397 (1958, Okla.). Even though defendant may not have intended to inflict the injury, an intention to do the wrongful act from which the injury resulted, is sufficient to support an action for assault and battery. S. Speiser, The American Law of Torts, supra, 891, n. 86, citingPeterson v. Haffner, 59 Ind. 130 (1877).
In the present case, the plaintiff has alleged that the defendant practiced dentistry without a license in violation of General Statutes § 20-106; administered and distributed drugs in violation of General Statutes § 21a-252(c).[6] The plaintiff has also alleged that the defendant fraudulently misrepresented himself as a licensed dentist to the plaintiff in order to obtain the consent of the plaintiff to perform dental work on him. The issue of whether the defendant intended to inflict injury to the plaintiff, therefore, is immaterial since the battery was allegedly committed in performance of several CT Page 958 unlawful acts. Accordingly, the defendant's motion to strike the second count of the plaintiff's complaint is hereby DENIED.
 Counts Three and Four
The defendant moves to strike count three, negligent misrepresentation, on the grounds that the defendant has failed to allege any dates on which the alleged misrepresentations occurred nor the exact nature of the representations as required by Practice Book § 108.[7] The defendant also argues that the plaintiff has failed to state what, if any, injuries and financial losses were sustained as a result of the alleged misrepresentation.
"This court has long recognized liability for negligent misrepresentation." "D'Ulisse-Cupo v. Board of Directors of NotreDame High School, 202 Conn. 206, 217, 520 A.2d 217 (1987). "The governing principles are set forth in . . . § 552 of the Restatement Second of Torts (1979): `One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Id., 217-18. "[T]he plaintiff need not prove that the representations made by the [defendant] were promissory. It is sufficient to allege that the representations contained false information." Id., 218.
In the present case the plaintiff alleges that the defendant falsely represented himself to the plaintiff as a licensed dentist and, thereby, induced the plaintiff to consent to having the defendant perform dental work on him.[8] The plaintiff has also alleged that the defendant extracted six of the plaintiff's teeth during June of 1994. "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of its complaint." (Brackets omitted; internal quotation marks omitted.) Normand Josef Enterprises v. Connecticut National Bank,230 Conn. 486, 496, 646 A.2d 1289 (1994). "However, the modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically." (Brackets omitted; internal quotation marks omitted.) Id., 496. "As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the CT Page 959 complaint is insufficient to allow recovery." Id. Applying this rule, the plaintiff has provided the time around which the defendant committed the alleged misrepresentation. Further, the plaintiff clearly states the nature of the misrepresentation when he asserts that the defendant falsely represented himself as a licensed dentist. Consequently, the plaintiff's revised complaint provides sufficient notice of the facts claimed and the issues to be tried for there to be no surprise or prejudice to the defendant.
The defendant moves to strike count four, intentional misrepresentation, of the plaintiff's revised complaint on the grounds that the plaintiff has failed to allege intentional conduct on the part of the defendant. The defendant also moves to strike counts three and four on the grounds that the plaintiff failed to state any injuries and financial losses that were sustained as a result of the alleged misrepresentation.
The essential elements of an action in fraud are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it: (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury. Miller v.Appleby, 183 Conn. 51, 54-55, 438 A.2d 321 (1981). Furthermore, the intentional withholding of information for the purpose of inducing action has been regarded as equivalent to a fraudulent misrepresentation. Pacelli Brothers Transportation, Inc. v.Pacelli, 189 Conn. 401, 407, 456 A.2d 325 (1983). To constitute a fraud by nondisclosure or suppression, there must be a failure to disclose known facts or a request or an occasion or a circumstance which imposes a duty to speak. (Internal quotation marks omitted.) Wedig v. Brinster, 1 Conn. App. 123, 130,469 A.2d 783 (1983), cert. denied, 192 Conn. 803, 472 A.2d 1284
(1984).
The plaintiff satisfies the first element of fraud by alleging that the defendant falsely held himself out to be a dentist. It does not matter whether the defendant made an affirmative misrepresentation to the plaintiff about being a licensed dentist or failed to disclose to the plaintiff that he was not a licensed dentist, either way the defendant is considered to have made a false representation. Viewing the facts of the revised complaint most favorably to the plaintiff, the plaintiff has indeed sufficiently alleged that the defendant knowingly misrepresented himself as a licensed dentist in order CT Page 960 to induce the plaintiff to consent to dental work, thereby, satisfying elements two and three needed to be proven in an action for intentional misrepresentation.
The plaintiff has alleged that he lost the use of six teeth on the right side of his mouth due to the actions of the defendant. Injury or loss can be inferred from such an allegation. The value of such injury or loss is a matter for the determination of the jury. The plaintiff, nevertheless, is entitled to prove the injury itself under the allegations set forth. The plaintiff has also alleged that the extractions performed by the defendant resulted in physical disfigurement. Disfigurement is an injury for which a plaintiff is entitled to recover. The extent of the disfigurement is evidentiary and need not be specifically pleaded under rules well established by our practice, due to the defendant's misrepresentation by alleging that he has had to expend additional sums of money for medical and dental care, x-rays and medication as a result of the defendant's negligence. Therefore, the plaintiff has alleged sufficient facts to show, if proven, that he relied on the false representation to his detriment. Indeed, plaintiff's has stated his claim in the broadest of terms, he has nevertheless done so within permissible pleading parameters. Norman Josef Enterprisesv. Connecticut National Bank, supra. Our rules of practice provide a defendant with the tools to require a more specific statement of the claim or to limit the plaintiff in his proof thereof, but apparently the defendant chose not to use that tool in this case. Therefore, for the reasons already expressed, defendant's motion to strike the third and fourth counts is hereby DENIED.
 Count Five
The defendant moves to strike count five, emotional distress, of the plaintiff's revised complaint on the grounds of legal insufficiency.
A cause of action for negligent infliction of emotional distress first requires that the facts alleged by the plaintiff demonstrate the elements necessary to establish negligence.Montinieri v. Southern New England Telephone Co., 175 Conn. 337,341, 398 A.2d 1180 (1978). Meehan v. Yale New Haven Hospital,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320418 (March 12, 1996, Hartmere, J.) In Montinieri v.Southern New England Telephone Co., supra, 345, the Connecticut CT Page 961 Supreme Court first recognized a cause of action for `unintentionally-caused emotional distress' and held that recovery did not depend on proof of either an ensuring physical injury or a risk of harm from physical impact. The court concluded, however, that the plaintiff does have the burden of pleading and establishing that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that the distress, if it were caused,might result in illness or bodily harm. Id. Morris v. HartfordCourant Co., 200 Conn. 676, 683-84, 513 A.2d 66 (1986).
The plaintiff has alleged facts necessary to establish negligence. However, he has failed to allege that the defendant should have realized that his conduct involved an unreasonable risk of causing emotional distress to the plaintiff and that the distress, if it were caused, might result in illness or bodily harm to the plaintiff. Absent this essential element of his cause of action the defendant's motion to strike count five of the plaintiff's complaint should be and is hereby GRANTED.
In summary, the defendant's motion to strike is denied as to counts two, three, and four, but granted as to count five
L. SCOTT MELVILLE, J.