(162 App. Div. 17)

RAFTERY v. CARTER et al. (No. 5662.)

(Supreme Court, Appellate Division, First Department. May 1, 1914.)

1. PLEADING (§ 52*)—COMPLAINT—SEPARATE CAUSES OF ACTION—SEPARATELY STATING AND NUMBERING.

A complaint alleged that the C. Company contracted with certain railroad companies for the construction of a railroad, and sublet part of the work to the J. Company; which employed plaintiff's assignor as superintendent of a section of the work, the employment to extend to any new work obtained; that plaintiff's assignor was to receive a percentage of the net profit from the work and was to have a drawing account, but was not to be entitled to his share of the profits from any one section until his employment ceased; that the section was completed and profits realized, but that plaintiff's assignor had not been paid his share; that such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

assignor superintended another piece of work, upon which profits had been realized, but that he had not been paid; that he superintended another piece of work, after the completion of which an accounting was had and an agreement reached as to his share of the profits, which the company failed to pay; that C., the president of both companies, to deprive such assignor of his profits organized the D. Company, and by fraudulent representations induced such assignor to subscribe for stock and to allow C. to use the amount due in payment therefor. The judgment demanded an accounting as to the profits, and that the stock subscription be set aside as fraudulent. *Held*, that within Code Civ. Proc. § 483, requiring causes of action to be separately stated and numbered, the complaint alleged three causes of action, for an accounting of the profits on the first two pieces of work, on an account stated as to the profits on the third piece of work, and to set aside the subscription, since a recovery upon one of such causes of action would not bar a recovery on the others, and the evidence to establish each would be different.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

2. PLEADING (§ 364*)—STRIKING OUT IRRELEVANT, REDUNDANT, OR SCANDALOUS MATTER.

A complaint by a railroad construction superintendent for an accounting of the profits on work superintended by him and to set aside as fraudulent his subscription for stock in a corporation organized by his employer's president alleged that the main purpose of the organization of such corporation, the construction company, and another corporation was to deceive persons contracting with either of them into the false belief that they were bona fide corporations, each engaged in a separate business; that instead they were intermediaries between the president and the debts of the corporations, and used to cover up his personal transactions and to enable him to make subcontracts upon an agreement to share in the profits of such corporations after the bulk of such profits had been sequestrated by him personally or through one of such corporations. *Held*, that such allegations should be stricken as immaterial, redundant, and in some respects scandalous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

Appeal from Special Term, New York County.

Action by George A. Raftery against John B. Carter and others. From so much of an order as denies motions to compel plaintiff to separately state and number the causes of action, and to strike out certain allegations as irrelevant, redundant, and scandalous, defendants appeal. Reversed, and motion granted.

See, also, 158 App. Div. 930, 143 N. Y. Supp. 1140.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Brainard Tolles, of New York City, for appellants.
Hector M. Hitchings, of New York City, for respondent.

McLAUGHLIN, J. The defendants appeal from so much of an order as denied a motion to compel plaintiff to separately state and number causes of action in the amended complaint and to strike out certain of its allegations as irrelevant, redundant, and scandalous. After service of the original complaint, defendants made a motion to have the causes of action separately stated and numbered, which

was granted, and on appeal to this court the order was affirmed. Rafferty v. Carter, 158 App. Div. 930, 143 N. Y. Supp. 1140. Plaintiff, instead· of complying with the order, served an amended complaint which purports to state only one cause of action, and defendants claim it is open to the same objection as was the original.

[1] The amended complaint alleges that the plaintiff is the assignee of one Douglass, who was an expert superintendent of railroad construction; that defendants Jno. B. Carter Company, Carter Construction Company, and Douglass-Head Company are corporations controlled by defendant John B. Carter; that the Carter Construction Company entered into a contract with certain railroad companies for the construction of a railroad from Cumberland, Md., to New Haven, Pa., and sublet part of the work to the Jno. B. Carter Company; and that the latter company, by written agreement dated July 1, 1910—annexed to and made a part of the amended complaint —employed Douglass to assist in the work as superintendent. The contract of employment, after reciting that the Jno. B. Carter Company desired to employ Douglass as superintendent of a certain specified section of the work "and for the performance of such further duties for the Carter Construction Company or Jno. B. Carter personally, as the president of the company might indicate, provided that Douglass should act as superintendent of the specified section and generally do and perform such duties as the president of the construction company" (Jno. B. Carter Company) "or his appointed agents may from time to time indicate"; that the company would try to obtain further contracts in order that its plant might be kept employed, and, if it succeeded in doing so, then the contract of employment was to be extended so as to cover such new work; that Douglass was to receive as his compensation 25 per cent. of the net profits from so much of the work as he superintended, against which he was to have a drawing account of $150 a month; but that he was not to be entitled to the balance of his share of the profits from any one section until his employment had ceased entirely.

The complaint further alleges that the section of the work specified in the contract of employment was completed under Douglass' superintendence; that profits were realized therefrom, but that Douglass has not been paid his share of the same; that Douglass also superintended the work known as the Port Covington Yard, which has been completed; that profits were there realized, but Douglass has not been paid his share—the amount in each instance, plaintiff being unable to state—that Douglass also superintended the construction of certain work known as the Cumberland and Pennsylvania cut; and that after its completion he had an accounting with the Jno. B. Carter Company as to his share of the profits and it was mutually agreed that the same amounted to $1,116.12, which the company promised and agreed to pay him, but has failed to do so. It is also alleged that John B. Carter, in order to deprive Douglass of his profits in the work specified, organized the Douglass-Head Company and by fraudulent representations induced him to subscribe for $37,500 of its capital stock and to allow Carter "to use the amount found due said

147 N.Y.S.—18

Douglass on the aforesaid contracts in payment for said capital stock at par."

The judgment demanded is that plaintiff have an accounting of Douglass' share of the profits from all the work mentioned, and that the contract of subscription be set aside as fraudulent.

First. I think the amended complaint states three alleged causes of action: (1) For an accounting of the profits realized on the section of the work specified in the contract and for the profits realized on the work known as the Port Covington Yard. (2) An account stated to recover $1,116.12, the amount agreed upon and which the company promised to pay Douglass as his share of the profits upon the completion of the work known as the Cumberland and Pennsylvania cut. (3) To set aside as fraudulent Douglass' subscription for the Douglass-Head Company stock. A recovery upon one of these causes of action would not bar a subsequent recovery upon the other, and the evidence to establish each would be different from the evidence required to establish each of the others. Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663; Carlson v. Albert, 117 App. Div. 836, 102 N. Y. Supp. 944. Each of these alleged causes of action should be separately stated and numbered. The Code of Civil Procedure so requires. Section 483.

[2] Second. I am also of the opinion that the motion to strike out should have been granted. These allegations have no bearing whatever upon the causes of action attempted to be alleged. The first allegation sought to be stricken out is in paragraph 4. It is:

"And that the main purpose and object of the organization and continued existence of each of said corporations was and is to mislead and deceive persons contracting with either of said defendant corporations into the false impression and belief that said corporations were real, substantial, solvent, independent, and bona fide corporations; each engaged in a separate and distinct business, as separate and distinct entities, which was not the fact, but instead they were to act as buffers or intermediaries between said John B. Carter and the debts and liabilities of each of said corporations, incurred under his management and control, and to cover up the personal transactions, gains, and profits of said John B. Carter out of each of same, and to enable him to make subcontracts with persons, upon and by an agreement to share in the profits of one of said corporations, after the bulk of such profits had been actually sequestrated and diverted by him, either personally or by and through one or the other of said corporation."

This is typical of the other allegations sought to be stricken out, and for that reason it is unnecessary to quote them; it being sufficient to say that each allegation which it was sought to have stricken out is immaterial, redundant, and in some respects scandalous.

The order appealed from therefore is reversed, with $10 costs and disbursements, and the motion to compel plaintiff to separately state and number causes of action and to strike out certain allegations granted, with $10 costs. All concur.