LADISLOA ZAWADŹKI, 454 Sweet Avenue, Buffalo, New York, Respondent, v. EDWARD VANDETTI, 151 Benzinger Street, Buffalo, New York, Appellant.— Order reversed on the law in so far as it relates to the motion separately to state and number the causes of action and motion granted in that respect, and otherwise affirmed, without costs of this appeal to either party. Memorandum: Tested

by rules by which the number of causes of action alleged in a complaint may be determined, we believe that plaintiff's pleading alleges more than one cause of action, each of which should be separately stated and numbered. (*Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y. 436, 440; *Raftery* v. *Carter*, 162 App. Div. 17, 20.) We recognize in the complaint a valid cause of action based upon a *quasi*-contract. All concur, except Cunningham, J., who dissents and votes for reversal on the law and for dismissal of the complaint in the following memorandum: I am in favor of reversing the order and granting the motion of the defendant to dismiss the complaint. Plaintiff seeks to recover money in an action based upon a breach of promise of marriage. Article 2-A of the Civil Practice Act was enacted for the purpose of abolishing " the remedies heretofore provided by law for the enforcement of actions based upon alleged    *    *    *    breach of contract to marry." (Civ. Prac. Act, § 61-a.) The alleged contract to marry having been made after March 29, 1935, it does not " operate to give rise, either within or without this State, to any cause or right of action for the breach thereof." (Civ. Prac. Act, § 61-d.) This article should be liberally construed " to effectuate the objects and purposes thereof and the public policy of the State as hereby declared." (Civ. Prac. Act, § 61-h.) (The order denies a motion to dismiss the complaint in an action to declare null and void a bill of sale of an automobile.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.