JOHN NICHOLS, Respondent, *v.* EDITH GESSELIEN, Appellant.

Supreme Court, Appellate Term, First Department, February 17, 1948.

*Thomas K. Saltzman* for respondent.

*Stuart Edward Levison* and *Charles Levine* for appellant.

*Per Curiam.* When money or property is entrusted by one party to the other, in reliance on a promise to marry, upon

violation of the agreement by the latter, return may be expected under considerations of trust and unjust enrichment. (See dissenting opinion in *Andie* v. *Kaplan*, 263 App. Div. 884, citing *Glazer* v. *Klughaupt*, 116 N. J. L. 507.) However, the law of New York (Civ. Prac. Act, art. 2-A), construed in the controlling decisions, does not allow recovery (*Andie* v. *Kaplan*, 263 App. Div. 884, affd. 288 N. Y. 685, *supra; Hecht* v. *Yarnis*, 42 N. Y. S. 2d 596, revd. N. Y. L. J., Feb. 2, 1944, p. 456, col. 1 [App. Term, 1st Dept.], revd. 268 App. Div. 771).

The order should be reversed and defendant's motion, pursuant to rule 106 of the Rules of Civil Practice, to dismiss complaint, granted, with $10 costs and disbursements.

HAMMER, CHURCH and EDER, JJ., concur.

Order reversed, etc.