WILBUR BATES, Plaintiff, *v.* SELMA M. ENGELMAN, Defendant.

City Court of the City of New York, Special Term, New York County, October 29, 1951.

*Stoll, Togut & Goldberg* for defendant.

*Sidney Ackerman* for plaintiff.

McGivern, J. This is a motion under rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that neither of the two causes of action which have been pleaded is sufficient in law.

It is alleged in the first count that the plaintiff delivered a diamond ring to the defendant in contemplation of marriage, that the plaintiff and the defendant afterwards mutually agreed to abandon their contract to marry, and that thus and thereupon ownership of the ring reverted to plaintiff.

It is plain that this count is insufficient in law; that the cause of action sought to be pleaded is barred by article 2-A of the Civil Practice Act. The question is not open; it was determined in *Hecht* v. *Yarnis* (268 App. Div. 771) which reversed the Appellate Term and reinstated the decision of Mr. Justice Kahn of this court (42 N. Y. S. 2d 596). Justice Kahn said: " Andie v. Kaplan, 288 N. Y. 685, 43 N. E. 2d 82 is as applicable to the facts now pleaded as it was to the allegations of the complaint which has been dismissed. There is no material distinction in substance between the two actions, in which the same relief is sought for the same reason — that defendant did not marry plaintiff. The public policy of this state does not permit plaintiff to predicate a cause of action upon the basis of defendant's failure to marry him. It is immaterial whether the agreement to marry was breached by defendant or ' cancelled ' by mutual consent. It is also immaterial that plaintiff now relies upon an express condition that defendant was to keep the engagement ring only if she married him instead of upon the condition ordinarily implied, that she

must return the ring upon breaching the engagement to marry. The ring was given in consideration of the contract to marry, and this action to recover it is, in the final analysis, based on that contract." (P. 597.)

In holding that the action was barred by article 2-A of the Civil Practice Act the Appellate Division relied upon *Josephson* v. *Dry Dock Sav. Inst.* (266 App. Div. 992, affd. 292 N. Y. 666) and *Andie* v. *Kaplan* (288 N. Y. 685).

The second count is also insufficient in law. It incorporates and includes by reference all of the allegations of the first count, so that as presently pleaded the second count is also founded upon a contract to marry. However, there is a suggestion in paragraphs 9 and 10 of a possibly good cause of action having nothing to do with the contract to marry or its breach or with any rescission of it. It is alleged that after the " contract to marry was mutually cancelled " an agreement was entered into by the terms of which the parties were each " to deliver to the other any gifts received in contemplation of their marriage " and that " the plaintiff returned to defendant all of her former gifts," thus entitling the plaintiff to the ring. If these allegations were to be disentangled from the matters alleged in the first count, plaintiff could apparently state a good cause of action based upon a contract having nothing to do with the engagement to marry. There is no valid reason why parties who had been engaged to each other may not validly contract that each will exchange and deliver to the other certain property which he or she has in his or her possession. Such a contract requires no reference to the pre-existing contract of marriage, and is supported by considerations unrelated to the pre-existing contract to marry. Plaintiff should therefore be permitted to plead such an agreement and his due performance of it. He should be specific. What property did he agree to return to defendant? What property did defendant agree to return to him? What property did he return? Such a contract, if there was one, should be properly pleaded in substance, and plaintiff should plead proper performance, though he may, of course, take advantage of the provisions of rule 92 of the Rules of Civil Practice.

Accordingly the motion is granted with leave to plaintiff to serve an amended complaint not inconsistent with what has been said here.

Order signed.