CHARLES SPLENDORE, Plaintiff, v. MARY M. GUGLIELMO et al., Defendants.

Supreme Court, Special Term, New York County, March 26, 1954.

*Castaldi & Losito* for plaintiff.

*Elias Feinsod* for Mary M. Guglielmo, defendant.

*Profitt, Prizer & Crawley* for Harlem Savings Bank, defendant.

McGIVERN, J. In Manhattan's East Harlem, on the fiesta of Our Lady of Mt. Carmel, in the year 1948, Charles Splendore, the plaintiff, first met the defendant, Mary Madonna. She was then a maid of sixteen summers. And she was fair. Charles was smitten. On Christmas Day, 1949, the twain plighted their troth.

Previously thereto, in October of 1949, Charles and Mary, preparatory to a church wedding and envisaging thereafter lawfully wedded bliss, arranged that a certain bank account, then in the sole name of Mary Madonna, at the Harlem Savings Bank, be changed thenceforth to a joint account in the name of both. Deposits were made until September 7, 1951, and the balance is now the subject of this suit. In addition, Charles seeks the recovery of certain gifts which he presented to Mary in the furtherance of his courtship. He is aggrieved because Mary, unlike Penelope, had a change of heart. In fact, on February 21, 1952, she married one Joseph Guglielmo, and leaving behind the environs of East 116th Street, she was off for the glories of Corona, which is in Queens. It would appear that this happy event followed the interception of a certain letter, written by Charles, which the court, for lack of relevancy and for aesthetic reasons, has struck from the record.

As to the first cause of action, this is resolved in favor of the plaintiff. His testimony had a ring of truth to it. As a witness, he was forthright, accurate, and spoke without hesitation. Moreover, his steady employment by one concern amply demonstrated his ability to practice thrift. On the other hand, Mary did not distinguish herself on the stand. By actual stenographic count, she said, '' I don't remember '' no less than forty times. Nor were the sporadic habits of her employment history in her favor. Although the testimony was hopelessly at odds on the question of possession of the bankbook, the pattern of deposits would indicate that the book was in the possession of Charles or his family, and the court so finds. Accordingly, the court holds that $1,949.88 — inclusive of interest heretofore earned and credited to the account — of the moneys were deposited by Charles or in his behalf, and this sum should be declared his, plus 87½% of the accumulated interest to be added by the bank, the balance to be returned to Mary.

As for the second cause of action, this is resolved in favor of Mary. True, Charles made these gifts, a fur coat, a watch and ring, when Mary was envisioned as a bride, but nevertheless these, by the law of this State, are hers, and her heirs and assigns

forever. Nor is this an open question. Courts of both high and low degree have passed upon it and have held that gifts made in contemplation of marriage are not retrievable. (Cf. the Court of Appeals, *Andie* v. *Kaplan,* 288 N. Y. 685, and also, the City Court of the City of N. Y. [per McGivern, J.] in *Bates* v. *Engelman,* 201 Misc. 288.)

Thus, this cause of action is dismissed. And if the plaintiff is mystified and rues his youthful conduct which brought the drama of this case about, the court solicitously commends him to the words of Solomon, the son of David, uttered over 2,000 years before he was born: '' There be three things which are too wonderful for me, yea, four which I know not: the way of an eagle in the air; the way of a serpent upon a rock; the way of a ship in the midst of the sea; and the way of a man with a maid.'' (Proverbs, 30:18, 19.)

The foregoing constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.

Settle judgment.