BELLA KAUFMAN, Plaintiff, *v.* JACOB ROSENBACH, Defendant.

County Court, Saratoga County, August 23, 1955.

*Labelle & Labelle* for motion.

*Saidel & Cline* opposed.

SHERMAN, J. The complaint alleges plaintiff delivered to the defendant the sum of $1,750 for safekeeping, at the request of the defendant.

The amended complaint alleges that the sum of $2,072.57 in cash and checks was delivered to the defendant to be cashed for safekeeping; that plaintiff has duly demanded the return of said money, but that defendant has refused to return same.

We are not concerned here with the second cause of action.

The defendant denies that between May 1, 1948, and June 30, 1950, at defendant's request, plaintiff delivered $2,072.57 in cash and checks, to defendant to be cashed for safekeeping, but defendant admits that plaintiff had delivered $400 to defendant for safekeeping, which sum he had offered to return.

Defendant demanded a bill of particulars setting forth the time and place plaintiff claims defendant requested such deliveries, the circumstances under which plaintiff claims defendant requested such deliveries, the amount of currency, cash, coin

and denominations of each, the time and place plaintiff demanded the return of the moneys, and a statement showing when, where and how defendant converted said money to his own use.

The bill of particulars sets forth that $1,250 was delivered in May or June, 1948; $472.57 in June of 1948; $250 in August, 1948, and $100 in June of 1950; recites the amounts in cash and in checks and by paragraph 2 thereof states: " $1250.00 because plaintiff was required to go to the hospital after the death of her husband on May 17, 1948, and the balance in reliance upon defendant's promise of marriage."

The bill of particulars alleges that the demand for the return of the money was made in June, 1953.

Defendant now moves under rule 103 of the Rules of Civil Practice to strike out that portion of the complaint as being within article 2-A of the Civil Practice Act.

Although not definitely stated, I assume that the defendant intends to infer that the amount over and above $1,250 or $822.57 is based upon a breach of promise of marriage, and that the demand as to the first cause of action should be reduced accordingly.

Article 2-A of the Civil Practice Act deals with actions against public policy. Section 61-a thereof among other things provides for the abolition of actions for breach of contract to marry. Section 61-b states that the right of action heretofore existing to recover sums of money for breach of contract to marry is hereby abolished.

Section 61-d states no contract to marry, hereafter made or entered into in this State shall operate to give rise, either within or without this State, to any cause of action for the breach thereof.

Section 61-e bars process to recover a sum of money upon any cause of action so abolished by this article.

This court has examined the various cases submitted by the defendant. (*Alberelli* v. *Manning*, 185 Misc. 280; *Andie* v. *Kaplan*, 263 App. Div. 884, affd. 288 N. Y. 685; *Hallstrom* v. *Erkas*, 124 N. Y. S. 2d 169; *Nichols* v. *Gesselien*, 191 Misc. 641.)

The plaintiff in opposition to the motion has cited the following cases (*Splendore* v. *Guglielmo*, 205 Misc. 941; *Zawadzki* v. *Vandetti*, 255 App. Div. 932; *Glazer* v. *Klughaupt*, 116 N. J. L. 507; *Phillips* v. *Oltarsh*, 271 App. Div. 997).

To distinguish the various cases would require an opinion of some length. However, I am constrained to follow the memorandum in *Zawadzki* v. *Vandetti* (the record on appeal being

before me). True it has been held that gifts made in contemplation of marriage are not retrievable. (*Andie* v. *Kaplan, supra*; *Bates* v. *Engelman,* 201 Misc. 288.)

Yet, the present action is for money had and received. We are dealing with a pleading. The action in effect is to recover moneys, wrongfully gained and held by the defendant, and while a portion of the moneys sought to be recovered may grow out of a breach of promise to marry, it is not for damages for such breach. It is not within the spirit of the statute to justify a defendant from withholding moneys if the proof on trial shows that the plaintiff is entitled thereto.

The motion is denied.

Submit order.