WILLIAM L. WILSON, Respondent, v. LILLIAN RIGGS, Also Known as LILLIAN VERNON and/or LONA VALE, Appellant.*

First Department, December 24, 1934.

* Affd., 267 N. Y. —.

*Aaron H. Marx* of counsel [*Walter E. Godfrey* with him on the brief; *Godfrey & Marx*, attorneys], for the appellant.

*Irving L. Ernst* of counsel [*Solomon E. Star* with him on the brief; *McManus, Ernst & Ernst*, attorneys], for the respondent.

FINCH, P. J. Since the engagement was canceled by mutual consent, the principle applies that the ring was given and received upon the condition subsequent that it would be returned if the parties did not wed without the fault of either. It cannot be said that any so-called cancellation by mutual consent had the effect of abrogating the condition upon which the ring was held.

It would not appear that principles of law which are used in the interpretation of business contracts, where the minds of the parties naturally contemplate all the attributes attached to such a contract, should be applied to a mutual cancellation of an agreement of engagement of marriage. In the ordinary course when an agreement of engagement of marriage is rescinded by mutual consent, this rescission has reference to that agreement alone and cannot be said to comprise an abrogation of the condition attaching to all antenuptial gifts, namely, that if the agreement of engagement is abrogated, all such gifts would be returned. In such a contract the intention of the parties is primarily concerned with the rescission of the contract of engagement, leaving the status of the gifts exchanged during the period of the engagement to stand on their own base, with the conditions intact which attached to them at the time they were given.

It follows that the order appealed from should be affirmed, with twenty dollars costs and disbursements.

TOWNLEY, J., concurs; UNTERMYER, J., concurs in result; GLENNON and MERRELL, JJ., dissent.

Order affirmed, with twenty dollars costs and disbursements.