FRANCES SULKOWSKI, Appellant, *v.* JOHN SZEWCZYK, Otherwise Known as JOHN SZWIEC, Respondent.

Fourth Department, June 28, 1938.

*William L. Clay* [*Walter F. Cherry* of counsel], for the appellant.

*Joseph H. Corcoran,* for the respondent.

CUNNINGHAM, J.   The plaintiff alleges that on March 19, 1937, the defendant proposed marriage to the plaintiff and that the plaintiff accepted such proposal.   She also alleges that the defendant willfully represented to the plaintiff that he was unmarried and eligible for marriage to the plaintiff; that in fact he is a married man with a wife living outside of New York State and that the plaintiff did not have knowledge of the fact that the defendant had been previously married.

The plaintiff claims that this is an action to recover damages for false representations.   The defendant contends that the action is one based upon a breach of a contract to marry and is, therefore, prohibited by the provisions of article 2-A of the Civil Practice Act.

Section 61-a of such article of the Civil Practice Act provides that: " The remedies heretofore provided by law for the enforcement of actions based upon alleged   *   *   *   breach of contract to marry, having been subjected to grave abuses, causing extreme annoyance, embarrassment, humiliation and pecuniary damage to many persons wholly innocent and free of any wrongdoing, who were merely the victims of circumstances, and such remedies having been exercised by unscrupulous persons for their unjust enrichment, and such remedies having furnished vehicles for the commission or attempted commission of crime and in many cases having resulted in the perpetration of frauds, it is hereby declared

as the public policy of the State that the best interests of the people of the State will be served by the abolition of such remedies. Consequently, in the public interest, the necessity for the enactment of this article is hereby declared as a matter of legislative determination."

Causes of action to recover damages for breach of promise to marry are abolished and barred and the commencement of such actions is prohibited. (Civ. Prac. Act, §§ 61-b, 61-c, 61-d and 61-e.) These provisions of the Civil Practice Act are constitutional and valid. (*Fearon* v. *Treanor*, 272 N. Y. 268; appeal dismissed, 301 U. S. 667; *Hanfgarn* v. *Mark*, 274 N. Y. 22; appeal dismissed, 302 U. S. 641.)

If plaintiff's contention be correct, then any action based upon a breach of promise to marry could be turned into an action for misrepresentations by merely alleging that the promise of marriage was a sham, made solely for the purpose of taking advantage of the plaintiff. Such facts have been shown in a breach of promise case. (*Wells* v. *Padgett*, 8 Barb. 323.)

The plaintiff claims that this is not a breach of promise action because the promise to marry was void on account of the previous marriage of defendant.

In *Cammerer* v. *Muller* (60 Hun, 578; 14 N. Y. Supp. 511; affd., 133 N. Y. 623), where it appeared that the defendant was married but assured the plaintiff that he had been divorced and was free to marry her, the court said (at p. 514): " The very instant that this defendant made the contract with the plaintiff that contract was broken by him. He knew that it was impossible for him to carry it out. She had a right to claim that he should be in a condition to enter into a legal marriage with her; and, as far as she was concerned, it made no difference what his *status* might be; and, unless she knew of the fact when she entered into the contract with him, it became a contract by which he was bound to her either by its legal fulfillment or paying damages for its breach. If he induced the plaintiff, by suppression of facts, to enter into a contract with him which it would be impossible for him to fulfill, certainly he is not entitled to much sympathy when he is called upon to respond in damages for its breach."

When a statute contains language which has previously been construed by the courts, it will be presumed that the Legislature intended that its meaning should be the same as that given to it by the courts. (*Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281, 288; *Schieffelin* v. *Berry*, 217 App. Div. 451, 460; affd., 243 N. Y. 603.)

It follows that article 2-A was intended to prohibit the maintenance of such actions as the one under consideration. That

this was the intention of the Legislature is further shown by the provisions of section 61-a, which state that it is the purpose of the statute to abolish actions " *based* " upon breach of contract to marry. Certainly, if there has not been a promise of marriage by the defendant and a failure to keep such promise, there is not any *basis* for this action.

In *Fearon* v. *Treanor* (*supra*, at p. 273) the court said: " Thoughtful people who have given attention to the matter have long realized that the scandals growing out of actions to recover damages for breach of promise to marry constituted a reflection upon the courts and a menace to the marriage institution, and thereby a danger to the State."

The cases based upon the facts similar to those alleged in the complaint herein have in many instances been supported by perjured testimony and brought discredit upon the courts. Undoubtedly, the cause of action alleged by the plaintiff is one of those which the Legislature intended to abolish.

Plaintiff's suit is one of those in which the service of the summons or merely the threat to do so is sufficient to cause a settlement even when there is not any merit in the alleged cause of action. Probably it was this class of cases which influenced the Legislature to prohibit any person either as a party or attorney from causing to be served or threatening to serve any process to recover a sum of money in an action based upon a breach of promise to marry. (Civ. Prac. Act, § 61-e.)

It is provided that article 2-A shall be " liberally construed to effectuate the objects and purposes thereof and the public policy of the State as hereby declared." (Civ. Prac. Act, § 61-h.)

As we read the complaint, the question as to whether the plaintiff may maintain an action to recover articles given to the defendant as presents or the value thereof, does not arise in this action.

In accordance with the public policy of the State as declared by the Legislature, it should be held that this action is prohibited by statute and, therefore, the order appealed from should be affirmed, with ten dollars costs and disbursements.

All concur. Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

Order affirmed, with ten dollars costs and disbursements.