ELLEN B. SNYDER, Plaintiff, *v.* FRED JOHN SNYDER, Defendant.

Supreme Court, Special Term, Bronx County, September 22, 1939.

*Edwin A. Livingston,* for the plaintiff.

*Emanuel Schoenzert,* for the defendant.

HOFSTADTER, J. The complaint is attacked for insufficiency and on the further ground that the cause of action alleged is prohibited by statute. The gist of the complaint is that the plaintiff was induced to enter into a *void* marriage with the defendant in reliance on his false representation that he was single and unmarried.

In the absence of any statutory prohibition, it is settled that a woman has an action in deceit against a man for inducing a putative marriage by knowingly false representations when in fact he had no capacity to marry. (*Blossom* v. *Barrett,* 37 N. Y. 434.)

The only question to be determined is whether article 2-A of the Civil Practice Act has abolished this type of action. It is clear that the alleged cause of action is not contrary to the expressed public policy of the State as set forth in the governing statute.

In the final analysis the constitutional power to legislate with respect to actions for breach of promise of marriage rests in the inherent right of the Legislature to regulate the *marriage relation* itself, to the end that " marriage should not be entered into because of the threat or danger of an action to recover money damages and the embarrassment and humiliation growing out of such an action." (*Fearon* v. *Treanor*, 272 N. Y. 268, 274.)

An action to recover damages because of a *consummated* bigamous marriage is not one which is subject to abuse or manipulation by unscrupulous persons. It is neither within the letter nor the intendment of the law.

The gravamen of this complaint is the injury resulting from the change of status of the parties. In no conceivable aspect is the plaintiff seeking damages for any breach of promise to marry. Accordingly there has been no resort to the form of action in deceit as a subterfuge and attempt to circumvent the statutory prohibition.

In the case of *Sulkowski* v. *Szewczyk* (255 App. Div. 103) the plaintiff merely accepted the proposal of marriage. The distinguishing factor here is that the marriage in fact was entered into and consummated.

Motion is denied.