In the Matter of the Estate of DANIEL J. LEARY, Deceased.

Surrogate's Court, New York County, September 20, 1940.

*Uterhart & Schaffer*, for the petitioner.

*Hartman, Solinger & Craven,* for the executors, respondents.

*John H. Schmid*, special guardian.

DELEHANTY, S. The furnishing of particulars by petitioner is resisted on the ground that this is a proceeding in discovery in which petitioner asserts no bill of particulars may be ordered. This objection is overruled. Such bills are regularly required in such proceedings.

Objection is further made to the furnishing of the bill in advance of the completion of an examination sought by petitioner of the representatives of deceased. The court regards this type of proceeding as one in respect of which it may validly exercise its discretion to require the furnishing of a bill without regard to the

examination. Petitioner is asserting a series of transactions with a person now dead whose representatives are at a substantial disadvantage in undertaking a scrutiny of the claim made by her unless they can have particulars such as they seek. Petitioner asserts transactions in which she personally participated as the basis to her claim and since deceased cannot be asked anything about such transactions it is appropriate that petitioner shall define her claims with particularity promptly upon demand by the estate representatives. (*Zecchini* v. *Mayer*, 195 App. Div. 423; *Reuben* v. *Kadison*, N. Y. L. J. June 26, 1923, p. 1182; *Cities Service Oil Co.* v. *Adolph's Trucking Co.*, Id. Feb. 9, 1939, p. 648.) Accordingly the delay sought by petitioner until the completion of the examination also sought by her is refused and the bill is ordered to be served within ten days.

Returning to the merits of the application, the court is of opinion that all of the matters demanded in the bill should be furnished by petitioner. Accordingly her motion to vacate or modify the demand for the bill of particulars is in all respects denied.

Submit, on notice, order accordingly.