## (January 19, 1942.)

ABRAHAM ANDIE, Appellant, v. NECHOMIE KAPLAN, Respondent.— In an action to recover money and certain jewelry delivered by plaintiff to defendant in connection with a mutual promise of marriage between the parties, plaintiff appeals from an order dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action and from the judgment entered thereon. Order and judgment affirmed, with ten dollars costs and disbursements. No opinion. Carswell, Adel and Close, JJ., concur; Lazansky, P. J., and Taylor, J., dissent and vote to reverse the order and judgment and to deny the motion, with the following memorandum: Plaintiff and defendant made promises of marriage. Relying on defendant's promise, plaintiff (1) delivered to her $600 to be held by defendant for plaintiff; and (2) presented to her four pieces of jewelry valued at $435. Plaintiff asserts that defendant never intended to marry him and made the promises in order to obtain the money and jewelry. He asks damages in the sum of $1,035. Sections 61-a, 61-b and 61-d of the Civil Practice Act are not applicable to the claim for the recovery of the $600 item. The action, in effect, is to recover a trust fund and, while it grows out of a breach of promise to marry, it is not for damages for such breach. (*Glazer* v. *Klughaupt*, 116 N. J. L. 507; 185 A. 8.) The claim for the value of the jewelry arises out of the breach of promise to marry, but it does not come within the spirit of the statute. To deny recovery would be to justify an unjust enrichment of a wrongdoer. The purpose of the new legislation was to prevent a recovery for alleged pecuniary loss, blighted affections, wounded pride, humiliation, and the like, against the one who violated the promise, but not to enable the latter to receive benefits out of his willful act. This also applies to the $600. Here we are dealing with a pleading and not with the likelihood of plaintiff's sustaining the truthfulness of its allegations at a trial.