JULIUS UNGER, Plaintiff, *v.* ALICIA L. HIRSCH, Defendant.

City Court of New York, Special Term, Bronx County, January 27, 1943.

*Irwin Isaacs* for defendant.

*William Gibbs* for plaintiff.

BONEPARTH, J.  This is a motion by defendant under rule 112 of the Rules of Civil Practice, for judgment on the pleadings.

The complaint alleges that the plaintiff, as a pledge or token of an agreement to marry, delivered a ring to the defendant; that, by mutual consent, the agreement or contract of marriage was " abandoned and cancelled," and that the defendant refused to return the ring on plaintiff's demand.

Defendant urges that the action is barred by section 61-b of the Civil Practice Act, added by chapter 263 of the Laws of 1935.  This section reads, in part, as follows: " The rights of

action heretofore existing to recover sums of money as damage for * * * breach of contract to marry are hereby abolished.''

Before the enactment of this statute, where a ring was given as a token of the engagement or contract to marry, the donor was entitled to recover the same from the donee, if the donee broke the contract. (*Beck* v. *Cohen,* 237 App. Div. 729, 731; *Hutchinson* v. *Kernitzky,* 23 N. Y. S. 2d 650.)

Furthermore, where the contract or engagement to marry was canceled or rescinded by mutual consent, the donor was entitled to recover the ring from the donee. (*Wilson* v. *Riggs,* 243 App. Div. 33, affd. 267 N. Y. 570.)

Since the enactment of section 61-b of the Civil Practice Act, it has been determined that where the contract of marriage was breached, the donor cannot recover the ring, and that such action was barred as one for damages, based upon a breach of contract to marry. (*Andie* v. *Kaplan,* 263 App. Div. 884, affd. 288 N. Y. 209.)

The question presented in the instant case is whether section 61-b bars an action to recover jewelry given in connection with the contract of marriage, where the contract is not breached, but is, by mutual consent, rescinded, abrogated or abandoned.

Section 61-b (*supra*) abolished a previously existing cause of action. '' Such statutes as take away a common-law right, * * * or which are in derogation of the common law, are strictly construed. The courts cannot properly give force to them beyond what is expressed by their words, or is necessarily implied from what is expressed.'' (2 Lewis' Sutherland on Statutory Construction [2d ed.] § 573. See, also, McKinney's Cons. Laws of N. Y., Book 1, § 301; *Dean* v. *Metropolitan Elevated Ry. Co.* 119 N. Y. 540; *Woollcott* v. *Shubert,* 217 N. Y. 212, 220.)

What is the status of the contracting parties, and their rights, where the contract is rescinded? '' * * * But generally speaking, the effect of a rescission by mutual consent is to undo the existing contract completely and restore the parties to that condition in which they stood immediately before it was made. * * * And where the parties cannot be restored to their former situation without some affirmative act on one or both sides, the law implies a promise by each party to do what is necessary to restore the other to his former rights. * * * All breaches of the contract are waived by the rescission, and no action can be maintained for any such breach, nor upon any cause of action arising out of the abrogated contract, nor for damages for its non-performance. * * *'' (2 Black on

Rescission and Cancellation, § 535.) "* * * In cases of contracts between vendor and vendee, rescinded and abandoned by mutual consent, the parties are restricted to the legal rights which each had before the contract was made." (*Harris* v. *Hiscock,* 91 N. Y. 340, 345. See, also, *Sorenson* v. *Keesey Hosiery Co.*, 244 N. Y. 73, 80.)

There is no rule of law which prevents the abrogation or cancellation of a contract to marry. (11 C. J. S., Breach of Marriage Promise, § 11; *Rodgers* v. *Rodgers,* 235 N. Y. 408, 410.)

Plaintiff's claim to recover in the instant case is therefore in no way based either upon the contract to marry or upon a breach of that contract.

Nor can the complaint in the instant case be construed as an attempt to evade the statute, as is the case where there is a "* * * resort to the form of action in deceit as a subterfuge and attempt to circumvent the statutory prohibition." (*Snyder* v. *Snyder,* 172 Misc. 204, 205.)

Nor does section 61-h of the Civil Practice Act, which requires section 61-b to "* * * be liberally construed to effectuate the objects and purposes thereof * * *," require the construction contended for by defendant.

In New Jersey, an analogous situation arose under a similar statute.

In *Glazer* v. *Klughaupt* (116 N. J. L. 507, 185 A. 8), the facts are summarized in the headnote as follows: "Secretary's action to recover portion of weekly wages which attorney had retained with understanding that they were to be paid to secretary on performance of their marriage contract * * *."

The complaint was dismissed by the lower court. In overruling the lower court the appellate court said: "The right of action which appellant seeks to enforce is one arising from the contract of hire, and is not, in its essence, a cause of action for damages based upon the breach of the claimed marriage contract. The appellant seeks the recovery of the accumulated earnings, not damages consequent upon a breach of respondent's alleged undertaking to marry her. The complaint discloses an enforceable cause of action and the order dismissing it was therefore erroneous." (116 N. J. L. 507, 510.)

The instant action is not one based either on the contract to marry or on a breach thereof. (*Wilson* v. *Riggs, supra;* Black on Rescission and Cancellation, *supra; Harris* v. *Hiscock, supra.*) Consequently, the complaint states a cause of action which is not barred by section 61-b of the Civil Practice Act. Defendant's motion for judgment is denied. Order signed.