In the Matter of JUSTINE L. LAMBERT, Appellant-Respondent, against E. JOHN ERNST, JR., Respondent-Appellant.

*Per Curiam.* Respondent-appellant concedes that petitioner-appellant is entitled to an order granting substitution of attorneys in pending cases. The question as to the right of respondent-appellant to a retaining lien, in the present state of the record, was properly determined.

The order should, accordingly, be modified to the extent of granting substitution and as so modified affirmed, without costs.

Present — Martin, P. J., Townley, Glennon, Untermyer and Cohn, JJ.

Order unanimously modified to the extent of granting substitution of attorneys, and as so modified affirmed, without costs. Settle order on notice.

ARTHUR H. HECHT, Respondent, v. LILLIAN YARNIS, Appellant.— The action is barred by article 2-A of the Civil Practice Act. (*Josephson* v. *Dry Dock Savings Institution,* 266 App. Div. 992, affd. 292 N. Y. 666, and *Andie* v. *Kaplan,* 288 N. Y. 685.) Determination of the Appellate Term reversed, with costs in this court and in the Appellate Term to the defendant, and the judgment and order of the City Court affirmed. Present — Martin, P. J., Townley, Glennon, Dore and Cohn, JJ.; Dore, J., dissents and votes to affirm for the reasons stated in the opinion of the learned Appellate Term. [See *post,* p. 850.]

In the Matter of MICHAEL SHERIFF, Appellant-Respondent. ABRAHAM K. FLESCHNER et al., as Officers and Directors of ALBERT A. VOLK COMPANY, INC., Respondents-Appellants.— Order modified by eliminating therefrom the restriction limiting the examination to the period subsequent to January 12, 1939, and as so modified affirmed, with twenty dollars costs and disbursements to the petitioner-appellant. No opinion. Present — Martin, P. J., Townley, Glennon, Untermyer and Cohn, JJ.; Cohn, J., dissents in the following memorandum in which Untermyer, J., concurs: There is an issue of fact as to whether a demand to inspect the books of the corporation was ever refused. Accordingly, the final order herein should not have been granted. The matter should be remitted to the Special Term for a determination of that question before the issuance of a peremptory order. (*Matter of Wong Wah Yew* v. *Mun Hey Pub. Co.,* 275 N. Y. 615; *Matter of Ellsworth, Barrows & Co.* v. *Ward,* 255 App. Div. 91.)

In the Matter of the Appointment of a Committee of the Estate of CLARA STERN, an Alleged Incompetent Person. ALVIN GOLDSMITH, Appellant; EDWARD L. MOLLIS et al., Respondents.— Order so far as appealed from, unanimously reversed, and the appellant substituted as committee of the estate in place and stead of the respondent, Edward L. Mollis, with disbursements to the appellant payable by the respondent Edward L. Mollis. Settle order on notice. Present — Martin, P. J., Townley, Glennon, Untermyer and Cohn, JJ.

DOROTHY B. BUTLER, Appellant, v. ADIRONDACK COMPANY, Respondent.— Order unanimously reversed, with twenty dollars costs and disbursements, and defendant's motion for change of venue from New York County to Essex County denied and plaintiff's cross motion to retain the place of trial in New York County granted. No opinion. Present — Martin, P. J., Townley, Glennon, Untermyer and Cohn, JJ.