BERNARD SPITZ, Plaintiff, *v.* SYLVIA MAXWELL, Defendant.

Supreme Court, Special Term, New York County, December 7, 1945.

*Manuel Maxwell* for defendant.

*Abraham J. Halprin* for plaintiff.

O'BRIEN, J. Defendant seeks to dismiss the action for legal insufficiency and insists that no cause of action is pleaded and because of the admitted facts the causes are prohibited by article 2-A (§§ 61-a–61-i) of the Civil Practice Act which refers to actions against public policy. In the first cause plaintiff complains that he delivered various articles of jewelry to the defendant after their engagement and in contemplation of their marriage; that thereafter the parties mutually agreed to cancel and abandon their contract of marriage; that, therefore, the condition upon which the jewelry was delivered failed, and ownership reverted to this plaintiff and that, although due demand was made for the return of the jewelry, defendant has refused to deliver. This cause proceeds on the theory not that the engagement was broken through fault of the defendant but by reason of the mutual agreement of the parties to abandon their engagement.

The substance of the second cause is that after the agreement was mutually canceled, and the parties had rescinded their engagement, the parties entered into an agreement under which each was to deliver to the other any gifts given in contemplation

of their marriage; that plaintiff returned to defendant all of her gifts, but the defendant refused to deliver the jewelry heretofore given to her.

Before the enactment of this statute it was well settled that where a contract was canceled or rescinded by mutual consent the donor of any gifts given in contemplation of that marriage was entitled to recover those articles from the donee (*Wilson* v. *Riggs*, 243 App. Div. 33, affd. 267 N. Y. 570; *Beck* v. *Cohen*, 237 App. Div. 729). To what extent, if at all, has this statute changed this rule?

An examination of the various sections of article 2-A of the Civil Practice Act clearly indicates that the purpose and intent of the Legislature was to outlaw actions to recover damages for breach of contract to marry. Obviously, the first cause makes no such claim. It alleges that the parties mutually agreed to cancel their contract to marry. Such distinction was recognized in *Unger* v. *Hirsch* (180 Misc. 381).

Since the enactment of section 61-b of the Civil Practice Act, it has been determined that where the contract of marriage was breached, the donor cannot recover the ring, and that such action was barred as one for damages, based upon a breach of contract to marry (*Andie* v. *Kaplan*, 263 App. Div. 884, affd. 288 N. Y. 685). In any event, even if there be some doubt as to the extent of the holding by the courts upon the specific facts in each case, it seems to me that the breach of the agreement *made after* the contract was mutually canceled and rescinded gives rise to a valid cause of action, for the new contract has no relation whatever to the contract to marry. I am of the opinion that as to this cause of action (second), it is well founded in law and fact.

Motion is, therefore, denied with leave to defendant to answer within ten days after service of a copy of this order with notice of entry.