CHARLES A. LEVY et al., Plaintiffs, *v.* HELEN GERSTEN et al., Defendants.

City Court of the City of New York, Special Term, Bronx County, June 17, 1949.

*Harold Pomerantz* and *Seymour Wilner* for defendants.

*Israel Godiner* for plaintiffs.

BONEPARTH, J. This is a motion by the defendants " for an order dismissing the complaint under Rule 106 of the Rules of Civil Practice, on the ground that it appears on the face of said complaint that both of said causes of action * * * fail to state facts sufficient to constitute a cause of action. * * * ,,

The complaint herein contains two causes of action.

The first cause of action alleges, that the plaintiffs delivered a ring to Helen Gersten, one of the defendants, upon her engagement to the son of the plaintiffs; that on the 24th day of March, 1949, plaintiffs' son and Helen Gersten by mutual consent cancelled their contract to marry.

The second cause of action alleges that, on a date *after the cancellation of the contract to marry,* the plaintiffs and the defendants agreed that all of the parties to the action and plain-

tiffs' son would return to the respective donors all gifts made in contemplation of the proposed marriage.

The second cause of action further alleges that, the plaintiffs and their son performed all of the terms and conditions of their contract, on their part, and that the defendants have failed and refused to return the gifts, and demands damages for the value of the ring.

In considering a motion to dismiss for failure to state a cause of action, several principles of law apply.

First, the facts alleged in the pleading attacked must be assumed as true; the pleading is entitled to every fair inference in its favor, and if, in any view or aspect of the facts stated, the plaintiff can recover, the motion to dismiss should be denied (*Condon* v. *Associated Hospital Service*, 287 N. Y. 411, 414; *Greeff* v. *Equitable Life Assur. Society*, 160 N. Y. 19, 39).

The demand or prayer for relief is no part of the cause of action. The nature of the action is tested by the facts alleged. (*Ketcham* v. *Wilbur*, 218 App. Div. 350, 351.)

Second: If a general notice of motion is addressed to the sufficiency of a complaint, which contains more than one cause of action, the sufficiency of any one cause of action will defeat the motion in its entirety. (*Fusco* v. *Brooks*, 263 App. Div. 845; *Eidlitz* v. *Fischach & Moore, Inc.*, 239 App. Div. 483, 486.)

So that, if either of the causes of action, set forth in the complaint herein, is sufficient, the motion must be denied.

Third, the motion can only be considered with respect to the grounds specified in the notice of motion, and in the instant case, the only question for the court, is the sufficiency of either cause of action. (*Matter of Schmidt*, 33 N. Y. S. 2d 341, 342–343; *Keller* v. *Levy*, 265 App. Div. 723.)

In the brief, submitted on behalf of the defendants, the second cause of action is attacked upon the ground that the ring (which is involved in this action) was given to the defendant, Helen, and that, accordingly, there is no cause of action stated against the defendants, William Gersten and Christine Gersten, for the failure to return the ring. By inference, it is admitted, that the second cause of action, states a cause of action against the defendant, Helen Gersten (except as to the claimed bar of Civ. Prac. Act, art. 2-A). Whether it states a cause of action against all defendants need not be passed on at this time. If the second cause of action states a case against Helen Gersten, this motion to dismiss must be denied as to all. A joint motion, by several defendants to dismiss a

complaint cannot be sustained, if the complaint states a cause of action against any one of them. Thus, in *Jones* v. *Demuth Glass Works* (271 App. Div. 840) the court said: " While defendant, Demuth Glass Works, Inc., is not a proper party to this cause of action, such a defect is not a ground for dismissal. *(McKnight* v. *Bank of New York & Trust Co.,* 254 N. Y. 417; Rules of Civ. Prac., rule 102; Civ. Prac. Act, § 192.)"

In *Mildenberg* v. *James* (31 Misc. 607, 609, affd. 62 App. Div. 617, affd. 175 N. Y. 494) the court said: " However, these views upon the merits of the case cannot result in my sustaining the demurrer to the extent to which it is substantially well taken, since the defendants, including the People's Telephone Company, have jointly demurred, and, as matter of form, the demurrer must be overruled because the complaint states a cause of action against one of the joint demurrants ". (See, also, 3 Carmody on New York Pleading and Practice, § 1039, p. 2244.)

So that, even if it be assumed that William and Christine Gersten should not have been included as defendants, that is not a ground for dismissal, on this motion.

Giving to the second cause of action, every fair inference and intendment in its favor, as the court is required to do, on this motion, we find that it alleges among other matters: (1) an agreement or contract whereby the plaintiffs and defendants agreed to exchange or return certain gifts; (2) full performance on the part of the plaintiffs and their son, and (3) that defendants failed and refused to perform their part of the agreement.

There can be no claim that these allegations do not state a cause of action.

The contract to marry, and the cancellation of the contract to marry are not necessary elements in plaintiffs' second cause of action. It is true that the contract to marry and the cancellation thereof are alleged in the second cause of action. But they are alleged by way of fixing the time, the occasion for the making of the gifts and describing the gifts.

The mere fact that a contract to marry, and its breach, are alleged in a complaint, is not in and of itself, sufficient to bring the action within the ban of article 2-A, of the Civil Practice Act if the cause of action is not based thereon.

The case of *Burger* v. *Neumann* (189 Misc. 88), presented an interesting problem on this point. The defendant moved to dismiss the complaint, as barred by article 2-A of the Civil Practice Act. The complaint alleged defendant's promise to marry, but did not allege a breach of the contract to marry and

claimed no damages on the basis of any breach or promise. It also alleged an agreement, by defendant, for payments to the plaintiff, made after the promise to marry.

At page 89, the court said " It is well-settled law that when the validity of a complaint is challenged generally, the sufficiency of any one of the multiple causes of action is sufficient to defeat a motion to dismiss the complaint. * * * Thus, even assuming that the first eleven paragraphs of the present complaint plead a cause of action for breach of promise to marry * * *, which would be necessarily be barred by article 2-A of the Civil Practice Act, if the remaining allegations * * * state a good cause of action predicated upon breach of contract, then under the afore-mentioned rule the complaint must be held to be legally sufficient ". The motion to dismiss was denied (affd. 272 App. Div. 1016; see, also, *Burger* v. *Neumann,* 275 App. Div. 710.)

And in *Warneck* v. *Kielly* (68 N. Y. S. 2d 157) the court dismissed the first cause of action as based upon a breach of contract to marry; but the motion to dismiss the second cause of action was denied. The court there said (pp. 158–159): " The second cause of action alleges the establishment of a joint bank account and the transmission of funds by plaintiff to defendant by allotment, which funds were to be kept by defendant in trust for the plaintiff. * * * It does not appear that this cause of action is based upon the breach of a contract to marry or seeks damages for the breach of such a contract. The fact is that the contract was breached by the plaintiff. Every fair inference and intendment must be given the questioned pleading. * * * And if plaintiff is entitled to recover on any theory of the facts stated the motion to dismiss must be denied."

The defendants urge that the contract alleged in the second cause of action is a settlement or compromise of a cause of action for breach of contract to marry. That is a conclusion or inference, which defendants ask the court to draw. It does not appear upon the face of the complaint. On this motion to dismiss, the court must give to the pleading attacked, " the benefit of the most favorable inferences to be drawn from the facts pleaded. * * * " (3 Carmody on New York Pleading and Practice, p. 2262.)

On these motions, we are told that " If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied ". (*Dyer* v. *Broadway Central Bank,* 252

N. Y. 430, 432–433; *Condon* v. *Associated Hospital Service,* 287 N. Y. 411, *supra*; *Greeff* v. *Equitable Life Assur. Society,* 160 N. Y. 19, *supra*; *Kosolapov* v. *Russo-Asiatic Bank,* 240 App. Div. 731.)

Reading the second cause of action in the light of the foregoing cases, the second cause of action is not based upon a breach of contract to marry, nor upon a contract of settlement.

The second cause of action set forth in the complaint herein is not barred by any language in article 2-A of the Civil Practice Act. Nor is it the type of action, which the Legislature intended to bar, as indicated in the declaration of public policy in section 61-a of article 2-A of the Civil Practice Act. In this connection, the following is applicable " Trial courts are cautioned not to attempt by judicial decision to expand statutes beyond their text. (*Fosdick* v. *Investors Syndicate,* 266 N. Y. 130, 135, 136; *Fontheim* v. *Third Ave. Ry. Co.,* 281 id. 392.)" (*Matter of Leary,* 175 Misc. 253, 257, affd. 260 App. Div. 1000, affd. 285 N. Y. 693.)

Accordingly, the second cause of action is legally sufficient.

The second cause of action having been found sufficient, there is no necessity for passing upon the first cause of action. The motion to dismiss is denied with leave to defendants to answer. **Order signed.**