LEIB GRUNBERG, Plaintiff, *v.* BETTY GRUNBERG, Defendant.

Supreme Court, Special Term, Kings County, September 5, 1950.

*Franklin Ellenbogen* for defendant.

*Max K. Ehrlich* for plaintiff.

WALSH, J. Defendant moves to dismiss the fourth and fifth causes of action contained in plaintiff's complaint on the ground that they are legally insufficient.

The fourth cause of action alleges that plaintiff and defendant were married on November 21, 1947, in London, England, that prior to said marriage and in order to induce plaintiff to consent thereto defendant falsely and fraudulently represented to plaintiff that she loved him and would be a faithful and dutiful wife and would live up to her obligations as such, that plaintiff

believed such representations to be true and in reliance thereon entered into a marriage with the defendant and immediately prior to and shortly after said marriage gave to defendant personal property, various articles of money totaling $6,000, that said representations and promises were false and untrue and were known by defendant to be false and untrue at the time they were made and were made for the purpose of inducing plaintiff to marry defendant and to part with said property, that plaintiff demanded the return of said property, which defendant has refused to do, and that as a result thereof plaintiff has been damaged in the sum of $6,000.

The fifth cause of action repeats and realleges all of the aforesaid allegations contained in the fourth and avers further that by reason thereof plaintiff is the lawful owner of the aforesaid property and defendant is a trustee thereof for the use and benefit of plaintiff.

The only question presented here is whether the above causes of action are barred by article 2-A (§ 61-a to § 61-d inclusive) of the Civil Practice Act. Because of certain well-known grave abuses, article 2-A was adopted for the purpose of outlawing causes of action for alienation of affections, criminal conversation, seduction and breach of contract to marry. Section 61-d specifically provides: " No contract to marry, hereafter made or entered into in this state shall operate to give rise, either within or without this state, to any cause or right of action for the breach thereof."

Generally speaking, any action based upon or arising out of a breach of contract to marry is barred under article 2-A irrespective of the nature of the damages or relief sought, or the grounds alleged for such recovery. (*Sulkowski* v. *Szewczyk*, 255 App. Div. 103; *Andie* v. *Kaplan*, 263 App. Div. 884, affd. 288 N. Y. 685; *Josephson* v. *Dry Dock Sav. Inst.*, 266 App. Div. 992, affd. 292 N. Y. 666; *Brandes* v. *Agnew*, 275 App. Div. 843.)

The courts have held in the cases cited above that where an action arises out of a breach of a marriage contract the consequences of the statute may not be avoided by bringing an action in tort for fraud or deceit. In the *Sulkowski* v. *Szewczyk* case (*supra*) the plaintiff alleged that a proposal of marriage was accepted under a misrepresentation that the defendant was single. To meet the objection the action was barred by article 2-A, it was asserted that the suit was founded on fraud rather than breach of promise. There the court held that the action was barred and stated at page 104: " If plaintiff's contention

be correct, then any action based upon a breach of promise to marry could be turned into an action for misrepresentations by merely alleging that the promise of marriage was a sham, made solely for the purpose of taking advantage of the plaintiff. Such facts have been shown in a breach of promise case. (*Wells* v. *Padgett,* 8 Barb. 323.) "

In the *Andie* v. *Kaplan* case (*supra*) plaintiff sought to recover the value of certain jewelry and to impress a trust on the sum of $600 given to defendant in reliance upon certain false and fraudulent statements made by the defendant, which plaintiff believed and relied upon that defendant would enter into a valid and subsisting marriage with the plaintiff, that the defendant " in furtherance of her plan to defraud the plaintiff " induced plaintiff to enter into a void ceremonial marriage in this State without a license and without witnesses. The Court of Appeals upheld a dismissal of the complaint under rule 106 of the Rules of Civil Practice on the ground that the action was based upon a breach of promise of marriage and it was therefore prohibited by article 2-A of the Civil Practice Act.

Similarly and as in the *Andie* v. *Kaplan* case (*supra*), plaintiff alleges that defendant made fraudulent representations as part of the marriage contract and seeks recovery of gifts made upon the basis of such false promises. Here also, as in that case, plaintiff avers that defendant has breached the obligations arising out of the marriage contract. Parenthetically it may be stated that a marriage contract not only involves the performance of a marriage ceremony, but it also entails the mutual promises and obligations to love, to be faithful and to be a dutiful spouse. The only difference between the *Andie* v. *Kaplan* case (*supra*) and the one at bar is that in the present case the parties instead of going through a void ceremonial marriage apparently have been validly married.

In my opinion, however, it makes no difference in determining the effect to be given to article 2-A whether or not the parties actually went through a valid marriage ceremony. The theory and gravamen of the action is the same in both cases. The *Andie* v. *Kaplan* case (*supra*) and the present one stem from breaches of contracts to marry seeking damages arising by reason of such breaches.

Significantly article 2-A of the Civil Practice Act not only abolished a right of action for breach of contract to marry, but it went further and abolished " any cause or right of action " based upon such breach (Civ. Prac. Act, § 61-d). As will be

noted from the cases referred to above, our courts have construed article 2-A broadly, holding that all types of actions which originate out of breaches of contract to marry are within the prohibition of the statute. Such broad construction is consonant with the legislative intent. In this respect section 61-h provides: " 61-h. *Construction of article.* This article shall be liberally construed to effectuate the objects and purposes thereof and the public policy of the state as hereby declared."

It appears, therefore, that the challenged fourth and fifth causes of action which seek to recover gifts made by plaintiff in consideration of the contract to marry are barred by article 2-A of the Civil Practice Act.

Defendant's motion is granted.