**STEVENS v. LANG.**

United States District Court
S. D. New York.

Aug. 23, 1951.

Emanuel Eschwege, New York City, for plaintiff.

Gettinger & Gettinger, New York City (Edward Gettinger, Robert S. Gettinger, New York City, of counsel), for defendant.

WEINFELD, District Judge.

By motion to dismiss under Rule 12(c), Fed.Rules Civ.Proc. 28 U.S.C.A., the defendant challenges the sufficiency of the complaint in an action for breach of contract. Federal jurisdiction rests on diversity of citizenship.

The complaint alleges, in substance, that the defendant, who represented that he had been a widower since May 12th, 1949, proposed marriage to the plaintiff several months thereafter. There were, however, circumstances which, in the defendant's opinion, stood in the way of an early marriage. A marriage shortly after his wife's death would prejudice the defendant's social and financial relationships. Moreover, his daughter was about to become engaged to the son of a family of "social stature" equal to that of the defendant, and a marriage between him and the plaintiff, who lacked this social stature and background would seriously prejudice the daughter's impending engagement and marriage.

To meet this situation, the agreement sued on was made. By it, the plaintiff undertook to move into an apartment provided by the defendant and to remain as his companion and hostess of his household to the exclusion of others until the passage of a reasonable time after his wife's death and the marriage of his daughter. In return the defendant promised at the end of this period to marry the plaintiff and in the meantime to pay the expenses of their joint household as well as the plaintiff's personal expenses. Asserting due performance on her part, the plaintiff brings this action to recover moneys claimed to have been expended by her for the account of the defendant pursuant to the agreement.

The defendant contends that the action is one for breach of contract to marry, and, as such, barred by Article 2–A of the Civil Practice Act of the State of New York, which abolished, among others, the right of action for breach of contract to marry. Since jurisdiction is founded on diversity of citizenship, the law of New York governs, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Klaxon Company v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, and, if the cause of action falls under the ban of the New York Statute, the action is not maintainable in this Court. O'Connor v. Johnson, D.C., 74 F.Supp. 370.

In my opinion, the defendant's position is well taken. It is unnecessary to discuss the policy underlying the statute, whose constitutionality has been upheld. Fearon v. Treanor, 272 N.Y. 268, 5 N.E.2d 815, 109 A.L.R. 1229. The New York Courts have applied the statute in accordance with its command to effectuate its pur-

pose and the public policy which it declares. Civil Practice Act, § 61–a. Attempts to recover moneys or property received under, or as an incident of, an agreement to marry have uniformly been repulsed; such claims are held to spring from the agreement and to be condemned by the statute. Josephson v. Dry Dock Savings Institution, 292 N.Y. 666, 56 N.E.2d 96; Andie v. Kaplan, 288 N.Y. 685, 43 N.E.2d 82; Brandes v. Agnew, 275 App. Div. 843, 88 N.Y.S.2d 553; Morris v. Baird, 269 App.Div. 948, 57 N.Y.S.2d 890; Hecht v. Yarnis, 268 App.Div. 771, 50 N.Y.S.2d 170.

■ The defendant's promise to marry the plaintiff was an essential, if not the paramount, term of the agreement alleged in the complaint. The hard core of the agreement appears to be the promise of the defendant to marry the plaintiff and her undertaking, during the period the so-called obstacles remained, that she would exclude herself from the companionship of and the possibility of marriage to others than the defendant. The undertaking to pay the expenses during this period until the marriage took place was inextricably linked to the promise of marriage. Since the moneys sued for are alleged to have been spent pursuant to this agreement, the claim for their recovery necessarily arises out of a contract to marry. The statute forbids the maintenance of the action. The Court does not regard Phillips v. Oltarsh, 271 App.Div. 997, 69 N.Y.S.2d 362, relied on by the plaintiff, as contrary authority.

While to the prurient or the cynical the complaint may suggest an illicit relationship, its allegations do not so clearly support a sinister implication as to require dismissal on that ground, also urged by the defendant in support of his motion.

Since the complaint must be dismissed in any event, the plaintiff's cross-motion for an examination of the defendant becomes academic and is denied. The motion to dismiss the complaint is granted.

Settle order on notice.