David Nosonowitz, Plaintiff, *v.* Toby Kahn, Defendant.

Municipal Court of the City of New York, Borough of The Bronx, September 21, 1951.

*Louis Norris* for defendant.

*Jacob Wenafsky* for plaintiff.

LORETO, J. This is a motion to dismiss the complaint as insufficient in law in that it fails to state facts sufficient to constitute a cause of action. The plaintiff seeks a judgment to recover a diamond engagement ring or its value. The defendant urges that this action falls within the condemnation of article 2-A of the New York Civil Practice Act which bars certain remedies including an action to recover damages for breach of promise to marry.

In one respect the complaint herein differs from the usual ones pleaded in this type of action. It alleges that the defendant broke an engagement to marry and returned the ring to the plaintiff. It further alleges that later on the same date the defendant " suggested to the plaintiff that he give her the ring and that she would reconsider the matter of engagement, and if, after consideration she decided not to be re-engaged to the plaintiff, she would return the ring ". In paragraph Fourth, it recites " thereafter, the defendant notified the plaintiff that upon reconsideration, she decided that the engagement be definitely broken and that she, therefore, would return the ring to the plaintiff ". This she failed to do.

Instead of the usual recital found in this type of case of a delivery of the engagement ring or other property pursuant to or relying on a promise to marry, which is later broken, the new twist set forth in this complaint is that after a breaking off of the engagement and a return of the ring, the plaintiff redelivered the ring to the defendant conditional upon her promise to return it if she decided not to be re-engaged.

Prior to the enactment of article 2-A, it was held that the donor could recover an engagement gift after a mutual cancellation or rescission of the contract to marry (*Wilson* v. *Riggs*, 243 App. Div. 33, affd. 267 N. Y. 570).

Shortly thereafter article 2-A was enacted. Section 61-b thereof provides: " 61-b. *Certain causes of action hereafter accruing abolished.* The rights of action heretofore existing to recover sums of money as damage for the alienation of affections, criminal conversation, seduction, or breach of contract to marry are hereby abolished ".

The policy of the statute is stated in section 61-a, as follows: " 61-a. *Declaration of public policy of state.* The remedies heretofore provided by law for the enforcement of actions based

upon alleged alienation of affections, criminal conversation, seduction and breach of contract to marry, having been subjected to grave abuses, causing extreme annoyance, embarrassment, humiliation and pecuniary damage to many persons wholly innocent and free of any wrongdoing, who were merely the victims of circumstances, and such remedies having been exercised by unscrupulous persons for their unjust enrichment, and such remedies having furnished vehicles for the commission or attempted commission of crime and in many cases having resulted in the perpetration of frauds, it is hereby declared as the public policy of the state that the best interests of the people of the state will be served by the abolition of such remedies. Consequently, in the public interest, the necessity for the enactment of this article is hereby declared as a matter of legislative determination.'' From a reading of the foregoing, it would seem that only claims by unscrupulous persons resulting in their unjust enrichment are condemned and not the just claim of an honest person seeking a restoration of property after a wrongful breach or a mutual cancellation of the engagement to marry. Such has been a reasonable construction of the statute given in several well-considered opinions (*Levy* v. *Gersten,* 196 Misc. 255; *Spitz* v. *Maxwell,* 186 Misc. 159; *Unger* v. *Hirsch,* 180 Misc. 381).

By the alleged second delivery of the ring by the plaintiff to the defendant, it must be inferred that the plaintiff intended to vest title in her provided she would promise to marry him. Although under the statement of the alleged facts, there was no agreement to marry then in existence, in the delivery of the ring such a contract was sought, and it may be said that what is claimed amounts to a breach of a contract to enter into a contract to marry. The facts pleaded here appear to bring this case within the holding of the foregoing decisions and this court would be inclined to follow their reasoning.

However, the weight of the authorities now sustains a broader interpretation of the spirit and the public policy of the statute than that indicated by the above-cited cases so as to prohibit all types and forms of action growing out of or arising out of an agreement to marry irrespective of the grounds alleged for the recovery. For instance, recovery was barred — where the defendant wrongfully repudiated the contract to marry (*Josephson* v. *Dry Dock Sav. Inst.,* 292 N. Y. 666); where the recipient never in fact intended to marry (*Andie* v. *Kaplan,* 288 N. Y. 685, affg. 263 App. Div. 884); where it was alleged that the property was obtained by fraud in connection with the promise

of marriage and that the parties mutually agreed to rescind the contract of marriage (*Morris* v. *Baird,* 269 App. Div. 948, also *Brandes* v. *Agnew,* 275 App. Div. 843); where mutual rescission was claimed and delivery of the ring conditional upon marriage (*Hecht* v. *Yarnis,* 268 App. Div. 771 and *Grishen* v. *Domagalski,* 191 Misc. 365); where it was claimed that the ring was given to the defendant not as a gift or engagement ring but merely for the purpose of showing it to her parents as her future wedding ring (*Reinhardt* v. *Schuster,* 192 Misc. 919). In view of these decisions the court is constrained to construe this action as one arising out of a breach of contract to marry and therefore falling within the bar of the act.

Moreover, whether it can be convincingly urged that the engagement was definitely and completely broken on the first occasion when it is alleged that the ring was returned by the defendant and later restored to her for reconsideration, is doubted in view of the conflicting allegation in the complaint that '' upon reconsideration the defendant decided that the engagement be definitely broken ''. In other words, it may fairly be concluded from the pleading, construing it liberally in favor of the pleader, that the engagement was definitely broken only after the defendant's reconsideration, the ring remaining with her after the give-and-take exchange and during a period of time inconclusive as to the state of the engagement or promise to marry.

The motion is accordingly granted and the complaint is dismissed.