ROBERT W. EASLEY, Plaintiff, *v.* MILTON NEAL, Defendant.

Supreme Court, Special Term, Cattaraugus County, February 20, 1952.

*John E. Dusenbury* for defendant.

*Pasquale F. Yannella* for plaintiff.

WARD, J. This is a motion by the defendant for an order pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings, dismissing the complaint on the ground that the complaint fails to state facts sufficient to constitute a cause of action.

The complaint alleges that the plaintiff is the father of one Lorna Ruth Easley, an adult; that on or about the 20th day of December, 1949, the defendant falsely stated and represented to

the plaintiff that he was unmarried and desired to enter into marriage with the plaintiff's daughter; that these representations "were false and untrue, and were made by the defendant with full knowledge that they were false and untrue, and were made by him with the intent to deceive and defraud the plaintiff and to induce him to spend large sums of money in and about a marriage ceremony between the said defendant and the said Lorna Ruth Easley." The complaint further alleges that the plaintiff relied upon these representations and was thereby induced to expend large sums of money in preparing for the marriage ceremony. It is further alleged that in truth and in fact the defendant was married to another and is still so married. This fact was discovered before the marriage date, and the ceremony was cancelled together with the festivities planned by the plaintiff. The answer admits the defendant is married and was so at the time of the planned ceremony, but denies that part of the complaint which alleged that he falsely stated and represented to the plaintiff that he was unmarried and desired to enter into marriage with the plaintiff's daughter. The defendant further denies that the plaintiff has been damaged. It is not necessary to consider this answer as far as this opinion is concerned.

Rule 112 of the Rules of Civil Practice is as follows: "*Motion for judgment on the pleadings after issue joined.* If either party be entitled to judgment on the pleadings, the court may, on motion, give judgment accordingly, and without regard to which party makes the motion."

This rule should be read together with section 476 of the Civil Practice Act, which is as follows: "§ 476. *Judgment on pleadings or admission of part of cause.* Judgment may be rendered by the court in favor of any party or parties, and against any party or parties, at any stage of an action or appeal, if warranted by the pleadings or the admissions of a party or parties; and a judgment may be rendered by the court as to a part of a cause of action and the action proceed as to the remaining issues, as justice may require."

Section 61-a of the Civil Practice Act represents the legislative declaration of the public policy of this State. To implement such declaration, the Legislature enacted section 61-b of the Civil Practice Act in the following language: "§ 61-b. *Certain causes of action hereafter accruing abolished.* The rights of action heretofore existing to recover sums of money as damage for the alienation of affections, criminal conversation, seduction, or breach of contract to marry are hereby abolished."

Section 61-d defines the legal effect of certain acts hereinafter occurring and states: " 61-d. *Legal effect of certain acts hereafter occurring.* No act hereafter done within this state shall operate to give rise, either within or without this state, to any of the rights of action abolished by this article. No contract to marry, hereafter made or entered into in this state shall operate to give rise, either within or without this state, to any cause or right of action for the breach thereof."

An examination of the reported cases reveals no direct authority determinative of the case at bar. In *Fearon* v. *Treanor* (272 N. Y. 268 [1936], motion for reargument denied 273 N. Y. 528, appeal dismissed 301 U. S. 667 [1937]) in which the constitutionality of article 2-A of the Civil Practice Act was upheld, the Court of Appeals discusses the legislative intention in passing the subject statute. Therein the court points out that it is the general welfare that is sought by the Legislature. It admits that although there may be some cases in which the actions barred thereby might be justified, the Legislature must and has in this type of case determined what is in the best interest of the people as a whole. Applying this approach to the subject action, it is necessary to determine whether this action is one barred by article 2-A as being " based upon " a breach of contract to marry as described in the declaration of public policy (Civ. Prac. Act, § 61-a) or is one to which a contract to marry " shall operate to give rise " (Civ. Prac. Act, § 61-d). In answering those questions, article 2-A is to be liberally construed to effectuate its purposes and the public policy of the State therein enunciated. (Civ. Prac. Act, § 61-h. See 1935 Report of N. Y. Law Revision Commission, N. Y. Legis. Doc., 1935, No. 60, pp. 199–200, for reference to abuses existing prior to enactment of article 2-A.)

The statute in question herein has been judicially interpreted on many occasions, not all with complete unanimity. In *Sulkowski* v. *Szewczyk* (255 App. Div. 103 [4th Dept., 1938]) there was involved an action for damages brought by a prospective spouse based on false representations by defendant that he was not married and would marry plaintiff. In its opinion the Appellate Division of this department, in finding that the action was barred by article 2-A, points out at page 105: "Certainly, if there has not been a promise of marriage by the defendant and a failure to keep such promise, there is not any *basis* for this action."

In *Stevens* v. *Lang* (99 F. Supp. 259 [1951]) the plaintiff sued to recover money spent pursuant to an alleged agreement with defendant whereby the latter agreed to pay her expenses until they could be married, in return for which she agreed to reserve herself for him. The District Court, in holding the action barred by article 2-A, found that the defendant's promise to marry the plaintiff was " an essential, if not the paramount, term " and " the hard core " of the agreement. Applying the reasoning in the *Sulkowski* and *Stevens* cases to this matter, it is difficult to see how there can be *any* basis for this action had there not been a promise of marriage by the defendant and a failure to keep such promise by him. (See, also, *Alberelli* v. *Manning,* 185 Misc. 280, 281 [App. Term, 1945].)

The Court of Appeals gave the same answer in *Andie* v. *Kaplan* (288 N. Y. 685 [1942]) where it was held that a cause of action sounding in fraud based on a false representation by defendant that the latter would marry the plaintiff was barred by article 2-A. It is clear, therefore, that the actions voided by this article are not confined to those for a breach of contract as such. (*A. B.* v. *C. D.,* 36 F. Supp. 85 [Dist. Ct., E. D., Pa., 1940], affd. 123 F. 2d 1017 [C. A. 3d, 1941], certiorari denied, 314 U. S. 691 [1941].) The extent of this doctrine is shown in *Grunberg* v. *Grunberg* (199 Misc. 249 [1950]) wherein the marriage was consummated and the action was predicated upon an alleged misrepresentation that the defendant loved the plaintiff and would be a dutiful wife. Such action was likewise barred as being a cause of action based upon a breach of contract to marry.

Article 2-A has also been held not to be limited to actions for damages but also applies to actions to recover specific property given as a pledge to marry, whether the action is in contract or tort. (*Josephson* v. *Dry Dock Sav. Inst.,* 292 N. Y. 666 [1944]; *Brandes* v. *Agnew,* 275 App. Div. 843 [2d Dept., 1949]; *Morris* v. *Baird,* 269 App. Div. 948 [2d Dept., 1945]; see, also, action between same parties, *Morris* v. *Baird,* 54 N. Y. S. 2d 779 [1945], and *Warneck* v. *Kielly,* 68 N. Y. S. 2d 157 [1946]; rescission of contract to marry due to infancy of plaintiff does not effect bar.) It is interesting to observe the diversity of legal theories in these cases. In the *Josephson* case the complaint alleged in effect a cause of action based on a contract of conditional gift. The plaintiff sought to impress a trust in the *Brandes* case whereas the *Morris* case involved an action sounding in fraud.

The fact that the action is brought by a third party and not one of the principals to the prospective marriage does not appear to decide the question of whether the action is barred by article 2-A. In *Katz* v. *Katz* (197 Misc. 412 [1950]) infant children brought an action against their mother and her paramour for damages for conspiracy to deprive them of the motherly care and love to which they were entitled. The action as against the paramour was dismissed for the court found it was the same as an action for alienation of affections which was abolished by article 2-A. It was pointed out that to permit the injured spouse to sue as the guardian ad litem of his children as attempted therein would provide a simple method of avoiding the safeguards of the statute and open the door to the prior abuses. Likewise, in the instant case, would it not bear the same results were the parent of the prospective spouse permitted to sue for damages for misrepresentations arising out of the failure of the anticipated marriage to materialize?

The opposite result on different facts was reached in *Levy* v. *Gersten* (196 Misc. 255 [1949]) where the plaintiffs were the parents of the prospective bridegroom. There the plaintiffs' cause of action based on an agreement to return all gifts given in anticipation of the marriage was held to be beyond the bar of article 2-A. The specific agreement to return the gifts in that case was made after the contract to marry had been cancelled by mutual consent. The fact that the plaintiffs were third parties to the marriage contract was not relied on by the court as important in the determination of the matter. See *Spitz* v. *Maxwell* (186 Misc. 159 [1945]) where the same result was found in an action brought by the prospective spouse on a subsequent agreement to return gifts. Compare *Unger* v. *Hirsch* (180 Misc. 381 [1943]) where action not barred when brought on promise to return ring implied merely from mutual rescission of contract to marry. The *Unger* case has not been followed and has been overruled by implication in *Hecht* v. *Yarnis* (268 App. Div. 771 [1st Dept., 1944]).

This court is aware of the case of *Zawadski* v. *Vandetti* (255 App. Div. 932 [4th Dept., 1938]) but does not find it determinative of the case at bar.

The conclusion must be drawn, therefore, that actions brought by third parties are nonetheless within the bar of article 2-A if the action by reason of its nature is one within the purview of the statute. This result is further supported by the scope

of the legislation itself. Article 2-A abolishes, among others, the actions of seduction and criminal conversation both of which actions were usually brought prior to the bar by third parties to the act, i.e., the person entitled to the infant's services in the case of seduction and the wronged spouse in the case of criminal conversation. Thus, actions commenced by third parties were clearly within the contemplation of the Legislature when it passed the statute. In *Snyder* v. *Snyder* (172 Misc. 204 [1939]) it was held that article 2-A did not bar an action in deceit for inducing plaintiff to enter into a bigamous marriage because there the marriage was consummated and the action was in nowise based on any breach of promise to marry. (See, also, *Cohen* v. *Kahn,* 177 Misc. 18 [1941], affd. 263 App. Div. 728 [2d Dept., 1941], motion to dismiss denied in action for damages against husband and his parents brought by wife after marriage annulled, on grounds of misrepresentations as to husband's physical condition. No question of application of article 2-A discussed.)

In light of the afore-mentioned authorities and an analysis of the wording of the statute, this court is constrained to find that the action herein is based on the defendant's alleged promise to marry the plaintiff's daughter. Were it not for the defendant's promise to marry and a failure to keep such promise, there is no basis for this action. Without specific reference to the case at bar, to hold otherwise would permit an opportunity to circumvent the statute and make possible a return in part to abuses similar to those sought to be eliminated.

Motion granted. Judgment may enter dismissing the complaint.