■ PHYLISS MASTERSANTI, Respondent, v. DOMINIC MASCIOLI et al., Appellants.— Appeal from an order of the Supreme Court at Special Term which denied defendants' motion to dismiss the complaint for insufficiency, the particular ground of attack being that the action is for breach of contract to marry and is thus prohibited by article 2-A of the Civil Practice Act. The complaint alleges that plaintiff conveyed realty to herself and defendant Mascioli " upon the understanding and agreement that because of the relationship existing between [them] * * * Mascioli would marry the plaintiff herein"; that she made the conveyance "relying upon his promise to marry her"; that it was "further understood and agreed that in the event the said defendant * * * did not marry the plaintiff herein, it was never intended to cause an absolute conveyance * * * and that full title to said premises would remain in the possession of the plaintiff"; that said defendant neglected and refused to marry plaintiff and instead married the codefendant " and that such actions on his part constituted a breach of the agreement." There follow allegations that the conveyance was induced by defendant's fraudulent representation that the would marry her " if she would make the conveyance ", that plaintiff conveyed " in reliance upon said promise " and would not have done so had she known that defendant "had no intention of carrying out the promise ". Judgment is thereupon demanded for recon-

veyance of the property. That the action is completely within the inhibition of the statute is abundantly clear. It is "based upon * * * breach of contract to marry" in plain contravention of the expressed legislative intent (Civ. Prac. Act, § 61-a; cf. *Sulkowski* v. *Szewczyk*, 255 App. Div. 103, 105); and rests upon acts which, if the pleading were sustained, would "give rise" to the abolished right of action (Civ. Prac. Act, § 61-d). The subsidiary allegation of fraud does not save the complaint and, indeed, each of a number of authoritative cases have held unavailing the pleader's considerably more explicit allegations of, and far greater reliance upon, fraudulent misrepresentations, which failed, nevertheless, to obscure the fundamental element of breach of promise of marriage. (See, e.g., *Andie* v. *Kaplan*, 288 N. Y. 685; *Morris* v. *Baird*, 269 App. Div. 948.) Respondent's remaining points do not require discussion. Order reversed on the law and motion granted, without costs. Gibson, J. P., Reynolds and Taylor, JJ., concur; Herlihy, J., dissents and votes to affirm.