OPINION OF THE COURT
Harold Tompkins, J.
Defendant seeks an order dismissing plaintiffs’ complaint as barred by the abolition of the causes of action for the breach of promise to marry (Civil Rights Law § 80-a). The complaint states that Gina Bruno and John Guerra became engaged in February 1987. At a party in May 1987, Arthur Bruno, her father, gave them $28,000 in anticipation of marriage. This money was used for prepayment of the expenses of the wedding reception and to purchase other necessary items for the *207 wedding. The other cash gifts totaling $5,000 were deposited into a joint savings account. On November 27, 1987, the night before the wedding, John Guerra canceled the wedding and broke off the engagement.
New York has a "heart balm” statute, now Civil Rights Law § 80-a, which abolished all causes of action to recover damages for breach of contract to marry (see, Gaden v Gaden, 29 NY2d 80 [1971]). The purpose of abolition of these causes of action was to avoid annoyance, humiliation and pecuniary damages to persons who were merely the victims of circumstances and the history of the causes of action for alienation of affection and breach of promise to marry being misused as improper means of unjust enrichment and fraud. It was held that this statute not only barred actions to recover damages for breach of promise to marry but, also, proscribed suits to recover property given in contemplation of marriage (Andie v Kaplan, 263 App Div 884 [2d Dept 1942], affd 288 NY 685 [1942]). This result was widely criticized by both courts (see, Easley v Neal, 202 Misc 554 [Sup Ct, Cattaraugas County 1952]) and commentators (Note, Breach of Contract to Marry; New York Civil Practice Act, Article 2-A: Recovery of Antenuptial Gifts, 48 Cornell LQ 186 [1962]; Note, The Heart Balm Act and Ante-Nuptial Gifts, 13 Brooklyn L Rev 174 [1947]). The retention of gifts given in contemplation of marriage was considered to be an unjust enrichment since it was based upon a contingent event, the marriage, that failed to occur. In response to this criticism the Legislature added a new section to the Civil Rights Law (§ 80-b) that provided that an action could be instituted for recovery of property, or money when the sole consideration for the transfer contemplated was a marriage that did not occur.
The object sought is generally the engagement ring or its value (see, Goldstein v Rosenthal, 56 Misc 2d 311 [Civ Ct, Bronx County 1968]). However, the statute by its terms also applies to other objects or money given in contemplation of marriage. Other gifts given in contemplation of marriage should be treated in the same way as a ring (supra). Also, another person such as a parent of either party should be able to sue to recover gifts given by that party (see, Costas v Marmarellis, 200 Misc 912 [App Term, 2d Dept 1951]).
In this case, defendant concedes that the gifts of funds of $5,000 deposited in the joint savings account are legitimate items of which plaintiff may seek to recover her share. However, the additional $28,000 given for wedding expenses did *208 not go to defendant John Guerra. The plaintiffs’ claim that John Guerra was unjustly enriched cannot therefore be sustained.
The court feels that the funds expended for the wedding reception and other necessary items are barred by the Heart Balm Statute (Civil Rights Law § 80-a et seq.). The parties together spent these funds but the marriage did not occur. This appears to be the area prohibited by the Heart Balm Act.
Defendant’s motion to dismiss is granted to dismiss the claims in paragraphs 4 and 5 which relate to the $28,000 claim of the complaint, but is denied as to the other items in paragraph 6 which encompass the $5,000 deposited into the joint account of the complaint.
Although the caption is styled as a class action on behalf of all those attending, Gina Bruno seeks damages only for herself. The case is clearly not a class action on behalf of others, but rather a claim for compensatory damages by Gina Bruno.